**BISHMAN MANUFACTURING CO. and George T. Hemmeter, Plaintiffs-Appellees,**

v.

**STEWART–WARNER CORPORATION, Defendant-Appellant.**

**No. 15916.**

United States Court of Appeals Seventh Circuit.

May 3, 1967.

As Amended June 12, 1967.

Rehearing Denied June 15, 1967, en banc.

Certiorari Denied Oct. 16, 1967.

See 88 S.Ct. 216.

Dugald S. McDougall, Theodore R. Scott, A. G. Douvas, Chicago, Ill., for appellant.

Andrew E. Carlsen, Minneapolis, Minn., Walther E. Wyss, Chicago, Ill., for appellees.

Before HASTINGS, Chief Judge, and CASTLE and SWYGERT, Circuit Judges.

SWYGERT, Circuit Judge.

Stewart-Warner Corporation, a Virginia corporation with its principal place of business in Chicago, Illinois, appeals from a judgment of the district court in an action for patent infringement brought by George T. Hemmeter and Bishman Manufacturing Company, a Minnesota corporation, as the owner and exclusive licensee, respectively, of United States Letters Patent No. 3,094,003. The district court held claim four of the patent valid and infringed and awarded costs to the plaintiffs.[1] Bishman Mfg.

---

1. Claims one, six, seven, and twelve of the patent were held invalid. The plaintiffs

have not cross-appealed from that portion of the judgment. The district court also

Co. v. Stewart-Warner Corp., 259 F. Supp. 300 (N.D.Ill.1966). The defendant contends (1) that claim four of the patent is invalid; (2) that the doctrine of file wrapper estoppel prevents the plaintiffs from claiming infringement by the defendant's device; (3) that the plaintiffs are estopped by equitable considerations from enforcing the patent against the defendant; and (4) that costs were improperly awarded to the plaintiffs because four of the five claims in suit were held invalid.

In raising these contentions the defendant makes only a few sporadic references to the findings of fact adopted by the district court in conjunction with its opinion. The defendant's challenges are essentially concerned with the conclusions drawn from the evidence, and for this reason an extensive recitation of the facts underlying the questions presented is not necessary.

Claim four of the patent in suit relates to an "on-the-car" wheel balancer, a mechanical device attached to the wheel of an automobile which performs the balancing operation without removing the wheel from the car. When the balancing operation is completed, visual indicators on the patented device point to the "light spot" of an unbalanced wheel and show the amount of weight to be added to the wheel rim at that point to balance the wheel. The device employs a pair of counterweights which rotate indefinitely in opposite directions relative to a hub carried on a circular base attached to the wheel. The rotating counterweights operate in conjunction with a fixed counterweight attached to the hub which, when disposed opposite the "heavy spot" on the wheel, permits the rotating counterweights to be useful in performing their balancing function through the entire 360-degree cycle of rotation.

The defendant maintains that claim four is invalid because it represents an obvious aggregation of old elements, 35 U.S.C. § 103, and because it is directed to an exhausted combination of elements performing no new function in the combination. The plaintiffs concede that each of the various elements of claim four is found in the prior art. As the district court stated, "The use of two indefinitely rotating counterweights in a balance other than a wheel balancer was disclosed in [the] Thearle patent [No. 1,876,527], although Thearle accomplished the rotation by radially spacing the weights rather than by axially spacing them, an obvious equivalent alternative." [2] 259 F.Supp. at 303. Thearle did not contain a fixed counterweight acting in conjunction with the rotating counterweights, however, with the result that the counterweights in Thearle created a negative balancing action beyond a rotation of 180 degrees. The use of a fixed counterweight in a wheel balancer is shown in an earlier patent obtained by the plaintiff Hemmeter, No. 2,779,196. In the Hemmeter '196 patent the fixed counterweight was used in combination with a single counterweight which was adjustable radially along a single plane. The fixed counterweight enabled the movable counterweight to operate effectively across the full diameter of the balancer.

The district court concluded that claim four, which recites the rotating counterweight-fixed counterweight combination, was a new combination "not apparent to persons skilled in the art." The evidence summarized by the court in its discussion of validity is, we think, adequate to support the court's conclusion. The court noted the superior performance of the wheel balancer embodying the patent, performance which was attested to by the defendant's interest in purchasing Hemmeter's business and patent rights and by the defendant's imitation of the patented device. The court also

dismissed a counterclaim filed by the defendant seeking an implied license under the patent. The defendant does not challenge that dismissal.

2. Claims one, six, seven, and twelve, which described the rotating-counterweight arrangement, were held invalid because of the Thearle patent, a reference not cited to the Patent Office.

noted that nothing in the prior art suggested the patented combination and that none of Hemmeter's numerous competitors had discovered it.[3]

The defendant has carefully documented the steps by which it believes the disclosures of the Thearle patent, the Hemmeter '196 patent, and other patents made it obvious to combine rotating counterweights with a fixed counterweight to produce the balancer disclosed by claim four. In this connection it should be noted, however, that Thearle discloses a structure which functions in a substantially different manner than the balancers disclosed in the other references cited. The combination of elements from Thearle and the Hemmeter '196 patent to produce the patented device requires considerably more than a simple transposition, and could properly be held to have demonstrated more than the ordinary skill of the calling.

With reference to the defendant's exhausted combination argument, we think this doctrine and the cases cited to support it, notably Lincoln Eng'r Co. v. Stewart-Warner Corp., 303 U.S. 545, 58 S.Ct. 662, 82 L.Ed. 1008 (1938), are inapplicable. The *Lincoln Eng'r* case held that the exhausted combination doctrine applies when a number of old elements are aggregated which, when aggregated, produce no new or different operation or result than that theretofore produced. Here the combination of old elements produced a result not previously accomplished—a balancer in which the entire recycling operation of the rotating counterweights is functional, thus permitting the operator to conduct the balancing operation more efficiently than ever before.

■ Finally, the defendant says the alleged novelty urged by the patentee in his original patent application and through several subsequent amendments related solely to the rotating feature of

the pair of counterweights. The defendant notes that the presence of the fixed counterweight was not mentioned in the claims as originally filed, and it argues, with some persuasiveness, that the validity of the patent should not be upheld on the basis of an argument not advanced in the patent office. Cf., Graham v. John Deere Co., 383 U.S. 1, 25, 86 S.Ct. 684, 15 L.Ed.2d 545 (1966). As is clear from the file history, however, many of the patentee's early difficulties with the patent examiner were of a technical, rather than a substantive, nature. After these difficulties were obviated by the draftsmanship of the defendant's patent counsel, the presence of the fixed counterweight in combination with the recyling counterweights became the focal point of claim four, the claim in suit. Even though the patent specifications do not explicitly ascribe novelty to the co-action of the various counterweights, they do sufficiently indicate the significance of the particular combination to nullify the defendant's objection that the inventive concept claimed in the district court was an afterthought.

■ The defendant next raises a claim of file wrapper estoppel as a defense to the district court's finding of infringement. The district court based its finding upon the equivalence of the defendant's accused structure to the patented device, and the defendant admits that its balancers are the "functional and mechanical" equivalents of the structure disclosed in claim four. The defendant relies upon the familiar rule that a claim of file wrapper estoppel, if established, supercedes the doctrine of equivalents. E. g., Lewis v. Avco Mfg. Corp., 228 F.2d 919 (7th Cir. 1956). The defendant says that the language relating to the rotation ·of the pair of counterweights in certain of the patentee's original claims was thereafter voluntarily "restricted" to re-

---

**3.** In addition, the district court relied upon the fact that the defendant's patent counsel, during the course of negotiations between the defendant and Hemmeter with respect to the sale of the latter's business to the defendant, prepared claim four in the language finally accepted by the Patent Office. We do not attach any significance to the efforts of the defendant's patent counsel with respect to the validity of claim four.

quire that the counterweights be journalled to the hub in such a manner as to rotate "in axially-spaced planes of rotation." The defendant argues that the patentee is bound by his choice of language and that the plaintiffs are estopped to claim infringement by the defendant because the counterweights in the defendant's balancers are "radially spaced" for rotation in the same plane.

■■ We do not think the proceedings in the Patent Office by which claim four was allowed estop the plaintiffs from relying upon the doctrine of equivalents to support the finding of infringement. A necessary condition for the establishment of a file wrapper estoppel is that the patentee must have narrowed his claim in response to an objection by the Patent Office in order to obtain the patent. Exhibit Supply Co. v. Ace Patents Corp., 315 U.S. 126, 136, 62 S.Ct. 513, 86 L.Ed. 736 (1942); I. T. S. Rubber Co. v. Essex Rubber Co., 272 U.S. 429, 444, 47 S.Ct. 136, 71 L.Ed. 335 (1926). In this case the patentee's claims as originally filed and as subsequently amended and cancelled variously described the pair of counterweights as journalled "in axially-spaced locations for non-interfering rotation"; "in axially-spaced planes for rotation"; "for rotation"; "for rotation in different axially-spaced planes"; "in axially-spaced individual paths of rotation"; and "in individual paths of rotation." The objections raised by the Patent Office in its rejection of the original and amended claims were not directed to any distinctions of substantive importance to be drawn from one or the other of these phrases, nor did the Patent Office make a restriction in any of such phrases a condition for the awarding of a patent. Cf., Hunt v. Armour & Co., 185 F.2d 722, 727 (7th Cir. 1950). Furthermore, in view of these numerous recitations from the cancelled claims, it is apparent that by finally adopting the "axially-spaced planes of rotation" language (through the amendments drafted by the defendant's patent counsel) the patentee was simply adhering to the most descriptive recitation of his structure and was not "abandoning" part of his claim to obtain a patent. The doctrine of file wrapper estoppel is therefore inapplicable.

■ The defendant contends that the plaintiff Hemmeter's conduct in relation to certain negotiations with the defendant and the subsequent sale of Hemmeter's business to the plaintiff Bishman presents equitable grounds for denying enforcement of the patent against the defendant. The facts upon which this assertion is based are detailed in the opinion of the district judge, in which it was held that the plaintiffs were not barred from enforcing the patent against the defendant. We find no error in the district judge's thorough treatment of this issue.

■ The defendant's final argument, that the district court improperly awarded costs to the plaintiffs because four of the five claims in suit were held invalid, must be sustained. The question is controlled by this court's decision in Zysset v. Popeil Bros., 318 F.2d 701, 708 (7th Cir. 1963), cert. denied, 376 U.S. 913, 84 S.Ct. 658, 11 L.Ed.2d 610 (1964), where we held that the language of 35 U.S.C. § 288 [4] is mandatory and that plaintiffs who were only partially successful could recover no costs because no disclaimer of a claim held invalid was filed prior to the commencement of the infringement action. See also 28 U.S.C. § 1928. The plaintiffs in the instant case were therefore not entitled to an award of costs.

The judgment of the district court is affirmed except insofar as it awards costs to the plaintiffs.

4. 35 U.S.C. § 288 provides:
Whenever, without deceptive intention, a claim of a patent is invalid, an action may be maintained for the infringement of a claim of the patent which may be valid. The patentee shall recover no costs unless a disclaimer of the invalid claim has been entered at the Patent Office before the commencement of the suit.