Edward A. ZEGERS, Plaintiff-Appellee-Cross-Appellant,

v.

ZEGERS, INC., Defendant-Appellant-Cross-Appellee.

Nos. 71–1118, 71–1119.

United States Court of Appeals, Seventh Circuit.

March 20, 1972.

Rehearing Denied April 25, 1972.

Daniel V. O'Keeffe, Chicago, Ill., for Edward A. Zegers.

Thomas F. McWilliams, Chicago, Ill., for Zegers, Inc.

Before DUFFY, Senior Circuit Judge, STEVENS, Circuit Judge, and GRANT, Chief District Judge.[1]

STEVENS, Circuit Judge.

Patent litigation in the Zegers family has been continuous since 1959.[2] In consequence, each of the disputants has obtained a judgment sustaining the validity of his patent and enjoining the other from making and selling clips which embody features of both patents. Before the second injunction was entered, defendant was selling, or giving away, clips for use in mounting combination sash balance and weatherstrip units in window frames. After the injunction was entered, the district court appointed a special master to ascertain plaintiff's damages. He found that $17,500 represented a reasonable royalty. The district court ruled that plaintiff's recovery should have been measured by defendant's profits and increased the award to $34,950.

Defendant appeals, contending that the recovery should be measured by plaintiff's damages, which were nominal at best. Plaintiff cross-appeals, contending that he should recover (1) a reasonable royalty of $176,801 based on defendant's profits of $289,792 on its sale of the combination units, since the clips were used as a promotional item; (2) punitive damages, since the infringement was deliberate; and (3) costs. We think the master earned his fee of $6,250 and that the litigation should be terminated by the entry of judgment for $17,500 as he recommended.

We shall state briefly our reasons for rejecting the various alternative results which the parties discussed in their briefs.

1. *Recovery of defendant's profits.*

▮ Relying on Zysset v. Popeil Brothers, Inc., 318 F.2d 701, 705–708 (7th Cir. 1963), cert. denied, 376 U.S. 913, 84 S.Ct. 658, 11 L.Ed.2d 610, the district court held that plaintiff's recovery should be measured by "the amount of profit realized by the infringer."[3] He therefore increased the amount of the award to $34,950 without disturbing any of the findings of fact which underlay the master's calculation of $17,500 as a reasonable royalty.

*Zysset* does support the district court's determination, but the import of that case is necessarily qualified by the Supreme Court's subsequent opinion in *Aro II*.[4] In Part IV of that opinion, Mr.

---

1. Chief District Judge Robert A. Grant of the Northern District of Indiana is sitting by designation.

2. See Zegers, Inc. v. Zegers, 299 F.2d 769 (7th Cir. 1962), cert. denied, 369 U.S. 889, 82 S.Ct. 1163, 8 L.Ed.2d 289; Zegers v. Zegers, Inc., 365 F.2d 156 (7th Cir. 1966), cert. denied, 385 U.S. 948, 87 S.Ct. 320, 17 L.Ed.2d 226.

3. A. 222. More precisely, the district court held that plaintiff should recover a reasonable royalty measured by defendant's entire profits from its disposition of infringing clips. Under the facts as found by the master, however, the court's holding was the practical equivalent of allowing recovery of the profits themselves.

4. Aro Mfg. Co. v. Convertible Top Replacement Co., 377 U.S. 476, 84 S.Ct. 1526, 12 L.Ed.2d 457. Part IV of that opinion, 377 U.S. at 502–513, 84 S.Ct. 1526, is most directly relevant to the issues presented here. Only four members of the Court, Justices Brennan, Stewart, White and Goldberg, expressly joined that part of the opinion. Mr. Justice Harlan having indicated that the damage issues were not yet ripe for decision. However, the dissenting opinion of Mr. Justice Black, with whom the Chief Justice, Mr. Justice Douglas, and Mr. Justice Clark joined, would appear to accept the reasoning of Part IV of Mr. Justice Brennan's opinion. See 377 U.S. at 523, 84 S.Ct. 1526.

Justice Brennan plainly stated that the Act of August 1, 1946, 60 Stat. 778, changed the preexisting law which had allowed a patentee to recover the infringer's profits as well as his own damages.[5] He cited with approval our decision in Ric-Wil Co. v. E. B. Kaiser Co., 179 F.2d 401, 407 (7th Cir. 1950) as supporting his conclusion that the purpose of the 1946 change "was precisely to eliminate the recovery of profits as such and allow recovery of damages only. . . . [I]t is clear that under the present statute only damages are recoverable." [6]

In some situations the infringer's profits may constitute evidence tending to prove the amount of plaintiff's damages, cf. Bigelow v. R.K.O. Radio Pictures, 327 U.S. 251, 257–258, 260, 66 S. Ct. 574, 90 L.Ed. 652,[7] or be a relevant factor in the calculation of a reasonable royalty.[8] The portions of the Zysset opinion which recognized that profits

---

5. "Profits and damages have traditionally been all-inclusive as the two basic elements of recovery. Prior to 1946, the statutory precursor of the present § 284 allowed recovery of both amounts, reading as follows:

'[U]pon a decree being rendered in any such case for an infringement the complainant shall be entitled to recover, in addition to the profits to be accounted for by the defendant, the damages the complainant has sustained thereby. . . .' R.S. § 4921, as amended, 42 Stat. 392.

By the 1946 amendment, Act of August 1, 1946, c. 726, § 1, 60 Stat. 778, 35 U.S.C. (1946 ed.) §§ 67, 70, the statute was changed to approximately its present form, whereby only 'damages' are recoverable. The purpose of the change was precisely to eliminate the recovery of profits as such and allow recovery of damages only.

'The object of the bill is to make the basis of recovery in patent-infringement suits general damages, that is, any damages the complainant can prove, not less than a reasonable royalty, together with interest from the time infringement occurred, rather than profits and damages.' H.R.Rep.No.1587, 79th Cong., 2d Sess. (1946), to accompany H.R. 5311, at 1–2; S.Rep.No.1503, 79th Cong., 2d Sess. (1946), to accompany H.R. 5311, at 2.

There can be no doubt that the amendment succeeded in effectuating this purpose; it is clear that under the present statute only damages are recoverable." 377 U.S. at 505–506, 84 S.Ct. at 1542.

6. *Ibid.* "Part IV of the majority decision in 'Aro II' should be regarded as the definitive case law on patent damages." Shur, Patent Enforcement, Misuse and Antitrust, p. 879.

7. As this court said in Ric-Wil Co. v. E. B. Kaiser Co.:

"The language [of the 1946 change] appears to make it plain that profits real-ized by an infringer are not recoverable as such. 'General damages' is a broad term, which no doubt may include numerous elements depending upon the circumstances of the case. And whether an infringer's profit is an element of such damages depends upon the facts of each individual case." 179 F.2d 401, 407 (1950).

As Mr. Justice Brennan noted in Aro II, 377 U.S. at 506, 84 S.Ct. at 1542 before the 1946 change, it was " 'immaterial that the profits made by the defendant would not have been made by the plaintiff.' 3 Walker, Patents (Deller ed. 1937), § 845, at 2186."

8. It would, of course, be most unlikely that a licensee would be willing to pay 100% of his profits to the patentee in exchange for a license. Thus, permitting evidence of profits to be admitted to show what a willing purchaser of a license might be expected to pay as a royalty is quite different from using profits as the measure of damages. In this case the district court purported to use the infringer's profits as the measure of a reasonable royalty; the practical effect of that holding was to allow the profits themselves to be recovered because the findings did not support the conclusion that a licensee would pay a patentee his entire profits from the disposition of infringing clips. See Georgia-Pacific Corp. v. U. S. Plywood-Champion Papers, Inc., 446 F.2d 295 (2d Cir. 1971), cert. denied, 404 U.S. 870, 92 S.Ct. 105, 30 L.Ed.2d 114. In that case, after affirming by implication a district court decision that an infringer's profits did not constitute a proper measure of damages, 243 F.Supp. 500 (S.D.N.Y.1965), the court specifically held it was a basic error to fix a reasonable royalty which did not allow the infringer "a reasonable profit after paying the suppositious royalty." 446 F.2d at 299.

may be admissible evidence on the damage issue are therefore consistent with the holding of *Aro II*. However, to the extent that *Zysset* holds or implies that the infringer's profits are themselves recoverable regardless of the extent of the patentee's actual damages, that case is inconsistent with the 1946 statute as construed in *Aro II* and is accordingly overruled.[9]

In this case the master found that the plaintiff had not proven the amount of profits lost by him as a result of defendant's infringement. The defendant's profits were not used as a yardstick to measure plaintiff's own damages on the theory that plaintiff would have enjoyed those earnings if there had been no infringement. Without findings of fact supporting such a theory, the master therefore properly refused to allow a recovery of defendant's profits, and the district court's modification of his award was error.[10]

2. *Nominal damages.*

Defendant argues that plaintiff may never recover a reasonable royalty without proving that he was in fact damaged by the infringement. Defendant contends that plaintiff could not, in any event, have sold the infringing clips because they embodied a feature of defendant's patent. Although the facts are disputed, we assume *arguendo* that plaintiff suffered no actual damages in the form of lost sales; we hold that he is nevertheless entitled to recover a reasonable royalty.

Defendant's argument to the contrary is based on *Aro II*. In that case Mr. Justice Brennan expressly refuted the assumption that if Aro was an infringer, it would necessarily be liable for a reasonable royalty. He stated:

"It is presumably the language 'in no event less than a reasonable royalty' that has led to the assumption noted above. But that assumption ignores the fact—clear from the language, the legislative history, and the prior law —that the statute allows the award of a reasonable royalty, or of any other recovery, only if such amount constitutes 'damages' for the infringement. It also ignores the important distinction between 'damages' and 'profits,' and the relevance of this distinction to the 1946 amendment of the statute." 377 U.S. at 504–505, 84 S.Ct. at 1542.

That statement must be read in context. Aro was a contributory infringer, not a direct infringer. The contributory infringement consisted of Aro's sales of unpatented convertible tops to the direct infringer's customers. The patentee could not lawfully have exacted a royalty from Aro on those sales, even if they had been made to licensees rather than to direct infringers. See 377 U.S. at 507–508, 84 S.Ct. 1526. Accordingly, that contributory infringement did not cause the patentee any damage in the form of lost royalties which it was entitled to receive from Aro.

The patentee was, however, entitled to full compensation for the direct infringement. As Mr. Justice Brennan interpreted the record, it appeared that a settlement payment of $73,000 by Ford on account of sales prior to July 21, 1955, and an agreement to pay royalties on account of subsequent sales, almost certainly provided the patentee with such full compensation. On those facts, apart from the remote possibility that

---

9. Since this opinion overrules Zysset v. Popeil Brothers, Inc., 318 F.2d 701 (7th Cir. 1963), we have circulated the opinion to the active members of the court not on the panel. A majority of the court has voted not to rehear *en banc* the matter of overruling *Zysset*.

10. Furthermore, the facts from which the infringer's "profits" could be computed—

and were computed by the district court— were before the master and considered by him. Though he did not squarely discuss the issue in terms of "profits," in finding 21 he used the facts to compute a "net sales value" to defendants of $33,309, which is only slightly less than the district court's determination of $34,950 profit.

the pre-1955 damages exceeded $73,000, there could be no basis for any recovery from Aro as a contributory infringer.

■ *Aro II* is therefore consistent with our view that deprivation of royalty income which a patentee is entitled to receive from one who practices his invention constitutes a form of damages compensable under § 284 of the Patent Code.[11] If the patentee is a manufacturer, he may prove his damages by evidence of lost sales and profits. But if such proof is inadequate, or if he does not himself sell the product, he may nevertheless be injured by the unlicensed practice of his invention. The reasonable royalty which he might lawfully have collected from the infringer if he had been a licensee may then be the measure of damages.

In this case the special master's calculation of a reasonable royalty of $17,500 was completely consistent with this analysis.

3. *Damages based on the sale of combination units.*

■ Plaintiff contended that a reasonable royalty should be at least 250% of the net sales price of defendant's infringing clips. He argued that the clips were used to promote the sale of combination weatherstrip and sash balance units. The master found, however, that the plaintiff had failed to prove that the decline in his sales of combination units was attributable to defendant's infringement,[12] and that the evidence relative to the sale of combination units was of no probative value in showing what a willing buyer would pay, or a willing seller would accept, for a license to make, use and sell the infringing clips.[13] The district court accepted the master's findings on this issue. Accordingly, we find no basis for disagreeing with the master's refusal to compute the royalty rate on the basis of defendant's profits on the sale of combination units.

4. *Punitive damages.*

■ The master rejected plaintiff's request for treble damages. He found "that defendant was justified in challenging the validity of plaintiff's patent, as demonstrated by the Court of Appeals decision holding claims 1, 3 and 4 of the patent invalid. . . ." (A. 211) The district court agreed. We are satisfied that this appraisal of the litigation was well within the district court's and the master's discretion.

5. *Costs.*

■ The question of costs is squarely covered by the last paragraph of *Zysset,* which holds that the mandatory language of 35 U.S.C. § 288 means exactly what it says. 318 F.2d at 708. We again reaffirm that holding. See Bishman Mfg. Co. v. Stewart-Warner Corp., 380 F.2d 336, 340 (7th Cir. 1967).

The judgment of the district court is reversed and the case is remanded for the entry of judgment in the amount of $17,500 as recommended in the special master's report. Each party shall bear his own costs on this appeal.

---

11. This is certainly a fair reading of the statutory language. Section 284 provides in part:

"Upon a finding for the claimant the court shall award the claimant damages adequate to compensate for the infringement, but in no event less than a reasonable royalty for the use made of the invention by the infringer, together with interest and costs as fixed by the court."

12. The master identified other factors, such as the injunction against plaintiff's infringement of defendant's patent, as explaining plaintiff's loss of business.

13. The record indicated that neither of the parties would have granted a license to the other; the license from the plaintiff would have permitted a third party to sell clips embodying plaintiff's press-in feature but not the hooks covered by defendant's patent.