CINCINNATI TRACTION CO. v. POPE.

(Circuit Court of Appeals, Sixth Circuit. April 14, 1914.)

No. 2306.

PATENTS (§ 324*)—SUIT FOR INFRINGEMENT—REOPENING OF CASE.

After the affirmance of a decree finding validity and infringement by the appellate court, such court may on motion remand the record to permit the defendant to petition for a reopening of the case and leave to introduce new evidence of prior devices, on affidavits indicating that such testimony is material and may be important on the question of invention.

[Ed. Note.—For other cases, see Patents, Cent. Dig. §§ 600–606; Dec. Dig. § 324.*]

On petition to rehear and remand for further testimony. Granted. See 210 Fed. 443, 127 C. C. A. 175.

Before KNAPPEN and DENISON, Circuit Judges, and SATER, District Judge.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

PER CURIAM. The decree of the District Court found the Pope patent, No. 805,133, for transfer ticket, valid and infringed. That decree was affirmed by this court. 210 Fed. 443, 127 C. C. A. 175.

We are asked to reopen the case and remand for further testimony relative to the manufacture and use of a large number of ticket structures, claimed either to anticipate the Pope patent or to show lack of invention therein. Unless with two exceptions, the new references are merely cumulative, and are no stronger than those presented on the original hearing, and justify neither remand nor rehearing.

The exceptions referred to are the Chicago, Burlington & Quincy Railway ticket, form 200, and the Chicago & Eastern Illinois Railroad ticket, form 1, the use of which tickets as indicated by ex parte affidavits, antedates the Pope device. The Chicago, Burlington & Quincy ticket is so constructed as that when used with the triangular coupon attached it is a full fare ticket; when used without the coupon, it is half fare; the coupon contains a legend to this general effect, and the body bears the character "½." It has also a conventional time-table. The Chicago & Eastern Illinois Railroad ticket is in prominent respects structurally similar to, although not identical with, the Chicago, Burlington & Quincy Railway ticket. It has, however, no time-table, and the legend relating to use is on the stub only.

The real question presented is, we think, whether there was invention in the Pope device notwithstanding the devices referred to, or, whether the Pope device was a mere double use of the device found in the Chicago, Burlington & Quincy structure.

Without attempting to determine at this time the question stated, or the effect of these references, we think them important enough to justify a remand of the record to the District Court with leave to petition that court for a rehearing and for permission to introduce the Chicago, Burlington & Quincy and the Chicago & Eastern Illinois Railroad devices, together with such testimony as either party may desire to put in on the subject of actual prior use of those tickets, as well as such testimony as either party may deem necessary to an understanding of the construction, force, and effect of those references as affecting the validity of the Pope patent.

Such order will accordingly be made.