## HAZELTINE CORPORATION v. WILDER-MUTH.

Circuit Court of Appeals, Second Circuit.
November 4, 1929.

Charles Neave and Stephen R. Philbin, both of New York City, for appellant.

William H. Davis, R. Morton Adams, and Willis H. Taylor, Jr., all of New York City, for appellee.

Before MANTON, AUGUSTUS N. HAND, and CHASE, Circuit Judges.

PER CURIAM. An appeal was taken in this suit for patent infringement, and we have affirmed the decree holding the patent valid and its claims infringed. 34 F.(2d) 635. A petition for reargument was denied. The mandate of this court had not issued to the District Court before this application was made.

■ The application is for the plaintiff to show cause "why this cause should not be remitted to the District Court, directing it to reopen the proofs to take and consider evidence relating to the United States Signal Corps amplifier BC 59-A, and to transmit same with report thereon to this court, and why defendant-appellant should not be granted general equitable relief." In effect it seeks a new hearing, based upon alleged newly discovered evidence. The appellant seeks to offer a physical exhibit, which was described in the evidence at the trial by a drawing. Whether a rehearing should be granted or denied rests with the trial judge. Roemer v. Bernheim, 132 U. S. 103, 10 S. Ct. 12, 33 L. Ed. 277; Firestone Tire & Rubber Co. v. Seiberling (C. C. A.) 245 F. 937; Wagner v. Meccano (C. C. A.) 235 F. 890.

■ The Circuit Court of Appeals cannot set aside a decree on newly discovered evidence. The Philadelphian (C. C. A.) 60 F. 423; State of Kansas v. Meriwether (C. C. A.) 171 F. 39; Revised Statutes, § 698 (U. S. Code, title 28, § 863 [28 USCA § 863]). We may, however, grant permission to the District Court to hear and determine such application for a rehearing, exercising a sound discretion. In re Potts, 166 U. S. 263, 17 S. Ct. 520, 41 L. Ed. 994. This should be done by asking the District Court to consider the application for a rehearing on the newly discovered proofs; this court first reserving such right to the District Court to entertain the application in its mandate. Cincinnati Traction Co. v. Pope (C. C. A.) 212 F. 719; Jenkins v. Eldredge, 3 Story, 299, Fed. Cas. No. 7,267. A review in the nature of newly discovered evidence necessarily should be addressed to the trial court, where the final decree is entered, and where the parties proceed with its execution. At this time we express no opinion as to the weight or the effect of the alleged newly discovered proofs, and merely grant leave to the District Court by our mandate to consider the application. The mandate will issue forthwith.

The relief prayed for, to the extent indicated, is granted.