**BORO HALL CORPORATION v. GENERAL MOTORS CORPORATION et al.**
**No. 94.**

Circuit Court of Appeals, Second Circuit.
Aug. 19, 1942.

See 124 F.2d 822, for original opinion which affirmed 37 F.Supp. 999.

Harry J. McDermott, of Brooklyn, N. Y., for appellant.

John Thomas Smith and Albert M. Levert, both of New York City (Albert M. Levert and Gordon H. Brown, both of New York City, of counsel), for appellees.

Before AUGUSTUS N. HAND, CHASE, and FRANK, Circuit Judges.

AUGUSTUS N. HAND, Circuit Judge.

The petition for a rehearing as well as the affidavits in answer and reply are entirely irregular as documents for submission in connection with a motion for rehearing since there is nothing properly before this court except the record on appeal. They may be considered, however, as upon an application for leave to file a petition in the District Court to reopen the case and to remand the cause to that court for further proceedings. Gairing Tool Co. v. Eclipse Interchangeable Counterbore Co., 6 Cir., 1930, 48 F.2d 73, 75. Such an application should be entertained only if there is newly discovered evidence which seems prima facie to cast serious doubt upon the decision rendered by the majority of this court heretofore. We do not find this to be the case.

The plaintiff was always at liberty to sell used cars outside of its "zone of influence" and was only forbidden to establish a used car outlet, lot or salesroom outside this zone. This would seem to be a reasonable arrangement between General Motors Corporation and the plaintiff. Taking the plaintiff's affidavits on its motion at their face value, there can be no doubt that there was ample competition in the low-price car field in Brooklyn. If the Company's policy interfered with sales of used cars by the plaintiff, it also protected the latter against maintenance of used car outlets by other Chevrolet dealers outside of their respective zones. Perhaps the plaintiff's zone of influence was an undesirable one for the sale of used cars, because the majority of customers would make such purchases during evenings or on week-ends, and most of the prospective customers within the territory were there only on business during business hours. But the effect of the restriction, if it had any, would be to throw the sale of used cars to dealers more favorably situated, who in turn would be able to increase their sales of new cars because of their added ability to dispose of cars taken in trade. If the location of their territories was better than that of the plaintiff's, this superiority would not be a burden upon sales of Chevrolet cars in interstate commerce as a whole, for anything the plaintiff lost the other dealers would gain. The proof shows that if the plaintiff could have selected a site for a used car outlet where any gain on its part would not have represented another dealer's loss the selection would have been acquiesced in. An agreement like the present one where there was no tendency to monopolize trade was discussed in B. S. Pearsall Butter Co. v. Federal Trade Commission, 7 Cir., 1923, 292 F. 720, and sustained as valid.

Petition denied.