**CHICAGO & W. I. R. CO. v. CHICAGO & E. R. CO. (two cases).**

**GRAND TRUNK WESTERN R. CO. v. CHICAGO & W. I. R. CO. et al.**

**PETTIBONE et al. v. SAME.**

**CHICAGO & E. R. CO. v. CHICAGO & W. I. R. CO.**

Nos. 7875–7878.

Circuit Court of Appeals, Seventh Circuit.

Jan. 21, 1944.

John C. Slade, Frank H. Towner, and Bryce L. Hamilton, all of Chicago, Ill., and H. V. Spike, of Detroit, Mich., for Grand Trunk Western R. Co.

Elmer W. Freytag, of Chicago, Ill., for appellee Wabash R. Co.

K. L. Richmond, Arthur M. Cox, and Frederic H. Stafford, all of Chicago, Ill. (A. F. Reichmann and Andrew J. Dallstream, both of Chicago, Ill., of counsel), for Chicago & Eastern Ill. R. Co.

J. R. Barse, Ernest S. Ballard, and Francis H. Uriell, all of Chicago, Ill., for Chicago & Western Indiana R. Co.

Clyde E. Shorey, Robt. W. Schupp, and Frederic Barth, all of Chicago, Ill., for Chicago & Erie R. Co.

Cope J. Hanley, and B. G. Stackhouse, both of Chicago, Ill., for Trustees of Chicago, I. & L. Ry. Co.

Before EVANS, SPARKS, and MAJOR, Circuit Judges.

EVANS, Circuit Judge.

The Chicago & Eastern Illinois Railroad Company and the receivers of the Wabash Railway Company have filed a petition for rehearing, and later asked leave to adduce additional evidence, either before this Court or the District Court, to support their construction of the leases and contracts which are the subject of this litigation. Also, there is before us, a motion of the Chicago and Erie Railroad Company to set aside and vacate the order entered by this court, September 27, 1943, recalling the mandate, and a motion that the mandate stand as originally issued, in No. 7878.

This mandate was recalled on the theory that if the so-called newly-discovered evidence should affect the outcome of the appeal in Nos. 7875-7877, there might be a different conclusion than that reached in the opinion which was heretofore filed by us in No. 7878, and which was not attacked by petition for rehearing. A mandate in No. 7878 had been duly issued, but was recalled when the application for leave to present newly-discovered evidence was filed.

To support their application for leave to present newly-discovered evidence, petitioners assert that in the trial of this case they stipulated as to important facts, all parties being on a friendly basis and all seeking to avoid unnecessary expense and delay. However, petitioners assert that, through no want of diligence, they failed to discover certain enlightening contemporaneous stenographic records of meetings and other documents which led up to the 1902 written agreement, which evidence clarifies the intention of the parties. They assert

such evidence would affect the conclusion which we reached as to the proper construction of the agreements which determine the various issues presented by this litigation. They ask that opportunity be given to them to present this evidence either to this court or to the District Court.

In opposition to this application, two of the lessees challenge both the admissibility and the persuasiveness of this evidence. Also challenged is the procedural right of applicants to present, at this late date, any motion for modification of the decree, or for a new trial because of the discovery of new evidence. These objectors contend that under the Rules of Civil Procedure, newly-discovered evidence may be presented only up to the "expiration of the time for appeal" (Rule 59, 28 U.S.C.A. following section 723c), and they also charge that the procedure for filing of a bill of review on the basis of newly-discovered evidence no longer obtains. The argument is advanced that since the time under Rule 59 expired in September, 1941—when the time for appeal would have expired—the petitioners were without right, and this court without jurisdiction, to permit the introduction of this newly-discovered evidence, either in the District Court or in this court.

■ We reject this contention and hold that where an appeal is taken, Rule 59 does not bar the party from making application to the Circuit Court of Appeals for leave to present newly-discovered evidence.

■ The particular language of the rule which limits the moving party to the date of the expiration of the time for appeal, is significant. It is the time within which an appeal may be taken which marks the limitation for presentation of newly-discovered evidence to the District Court. If an appeal is taken, it transfers to the appellate court the disposition of the application. Hazeltine Corp. v. Wildermuth, 2 Cir., 35 F.2d 733; Boro Hall Corporation v. General Motors Corp., 2 Cir., 130 F.2d 196; Rome Grader & M. Corp. v. J. D. Adams Mfg. Co., 7 Cir., 135 F.2d 617; Gairing Tool Co. v. Eclipse Interchangeable Counterbone Co., 6 Cir., 48 F.2d 73.

■ This court, in Rome Grader Corp. v. J. D. Adams Mfg. Co., 7 Cir., 135 F.2d 617, 621, had a somewhat similar application before it. Our right to grant the motion was apparently recognized, and the showing which the moving party must make, was stated as follows:

"To secure a rehearing on newly discovered evidence, two questions must be answered affirmativly. * * * (1) Has plaintiff exercised due diligence at all times in its efforts to secure the newly discovered evidence? (2) Will such evidence be of such weight or importance as to necessitate a different conclusion? If either of these questions can be answered in the negative, the motion must be denied."

Two requirements are emphasized: (1) diligence, and (2) convincingness of the newly-discovered evidence.

While diligence is shown, we are satisfied that the newly discovered evidence here submitted would not have justified a different conclusion. Examining this evidence carefully, we find it was a record of contemporary action of officers and attorneys for the lessees, when discussing and proposing changes in the terms of the written agreements. As we view it, the written agreement in question is not ambiguous, but is clear and calls for no explanation or enlightenment and surely no modification by the court. Moreover, a study of this evidence fails to substantiate the claim that the parties actually intended to apportion certain items of cost on an equal basis, rather than upon the wheelage basis. We must, and do, deny the application for leave to offer this newly-discovered evidence.

Upon the petition for rehearing on the merits of this question, we are convinced, from further study, that we erred in one respect, namely, in the distribution of the $20,655.35 annual payment to Grand Trunk Railroad.

While the argument which led to the conclusion in our opinion, here under review, to the effect that this item, like the others, should be paid for on a wheelage basis, has support, there are, in the applicable written contracts and leases, provisions as to this item which control, and they require this item of cost of operation to be paid by the lessees on an equal basis.

Undoubtedly the parties were moving toward an apportionment of the cost on a wheelage basis. This was, of course, equitable and just. Great, and almost unbelievable, had been the growth of this enterprise in twenty years. However, there was an acknowledged, written exception to this method of distributing lessor's costs and expenses. The close and narrow question which was presented, and upon which we reached a conclusion which we now

believe was erroneous, was this—Did the item of $20,665.35 payable to Grand Trunk fall within the provision for working expenses or was it a capital cost item to be met by the lessees on an equal basis?

We are indebted to counsel for giving us an opportunity to correct the erroneous conclusion which we reached, and to acknowledge our error.

The opinion heretofore rendered is modified to the extent that this item of $20,665.-35 payable annually to the Grand Trunk Railroad shall be apportioned by Western Indiana among its lessees on an equal basis. In all other respects, the petition for rehearing and the motion for leave to offer newly-discovered evidence are denied. The costs of the appeals in Nos. 7875-7876 and 7877 shall be borne equally.

In No. 7878, the order recalling the mandate is vacated.