ENCARNACIÓN LUENGO VIUDA DE FERNÁNDEZ ET AL., Demandantes y apeladas, *v.* VALENTÍN FERNÁNDEZ, Demandado y apelante.

*Número:* 12419. *Resuelto:* 3 de octubre de 1961.

*Luis E. Dubón,* abogado de las apeladas; *E. Martínez Rivera y Edelmiro Martínez, Jr.,* abogados del apelante.

Sala integrada por el Juez Asociado Señor Pérez Pimentel, como Presidente de Sala, y los Jueces Asociados señores Serrano Geyls y Rigau.

El Juez Asociado Señor Serrano Geyls emitió la opinión del Tribunal.

En este pleito de cobro de dinero, el Tribunal Superior dictó sentencia en favor de los demandantes. El demandado recurre ante nos e imputa al juzgador la comisión de siete errores. No tiene razón alguna en sus planteamientos. Veamos:

1. Sostiene que hubo error al resolverse en su contra una moción de desestimación (*nonsuit*) presentada por él. El demandado ofreció prueba luego de haber sido desestimada dicha moción y, por tanto, se entiende renunció a ella y no puede plantear el asunto en apelación. Regla 41(b) de las de Enjuiciamiento Civil de 1943 (32 L.P.R.A. Ap. pág. 671) aplicables al caso; *Castro* v. *Payco, Inc.,* 75 D.P.R. 63, 67–68 (1953).

2. Los próximos cuatro planteamientos se refieren a la admisión de pruebas. El primero impugna la aceptación de una libreta en la que el finado José Fernández Rodríguez hizo anotaciones relativas al dinero adeudádole por el demandado, alegándose una violación del art. 455 del Código de Enjuiciamiento Civil (32 L.P.R.A. sec. 1837); el segundo impugna se aceptara la declaración de Josefa Fernández Luengo, una de las herederas demandantes, por considerarse que su testimonio fue admitido en violación de la Sec. 3 de la Ley para Prescribir Quiénes son Testigos Hábiles (32 L.P.R.A. sec. 1738); el tercero objeta la admisión del testimonio de José García Morán, por éste haberse referido a la

libreta mencionada anteriormente y por tratarse de una "declaración para beneficio propio" (*self-serving*) ; y finalmente, se objeta la admisión del testimonio de José Español, por éste también haberse referido a la libreta. Aún en la hipótesis de que el apelante tuviese razón en sus planteamientos, no procede revocar la sentencia. Ello es así porque la prueba impugnada iba dirigida a demostrar que José Fernández Rodríguez le hizo en julio de 1948 un préstamo de $2,000 al demandado, hecho que éste había negado en su contestación a la demanda y a requerimientos extrajudiciales. Luego, sin embargo, al declarar en favor de su causa, el demandado admitió expresa y repetidamente la existencia del préstamo, aunque afirmó que lo había pagado. Por consiguiente, la conclusión del juzgador sobre la existencia del préstamo está sostenida por las propias admisiones del demandado y huelga, entonces, considerar los problemas que atañen a la admisión de las descritas pruebas.

 3. Sostiene luego el recurrente que hubo error al no declararse prescrita la acción. Dice se trataba de un préstamo que debe reputarse mercantil por ser comerciantes los contratantes (Art. 229 del Código de Comercio, 10 L.P.R.A. sec. 1651) y que siendo así prescribía a los tres años de su vencimiento. Dicho artículo, sin embargo, provee que "Se reputará mercantil el préstamo, 1. Si alguno de los contratantes fuere comerciante. 2. Si las cosas prestadas se destinaren a actos de comercio." En *Franceschi* v. *Rivera*, 44 D.P.R. 664, 665 (1933) resolvimos que para establecer la naturaleza mercantil de un préstamo deben concurrir las dos circunstancias mencionadas en dicho artículo y no una sola de ellas. No hay prueba alguna en el expediente de que el demandado dedicara el préstamo a "actos de comercio". Por consiguiente, aun cuando el demandado tuviese razón en las demás partes de su planteamiento, cuestión que es innecesario resolver, el préstamo no puede reputarse mercantil sino personal, la acción prescribía a los quince años, y no estaba prescrita al

tiempo de iniciarse. *Blondet* v. *Garáu*, 47 D.P.R. 863, 867 (1935) ; *Barceló & Co. S. en C.* v. *Olmo*, 48 D.P.R. 247, 249 (1935).

■ El próximo planteamiento impugna la apreciación de la prueba que hizo el juez sentenciador. Se funda en la errónea admisión de pruebas y la desestimación de la moción de *nonsuit*, ya discutidas, y en el hecho de que el juez de instancia no le dio crédito al demandado cuando éste afirmó que había satisfecho el préstamo a José Fernández Rodríguez. Hemos examinado detenidamente la prueba y creemos que el juzgador estuvo completamente justificado en no darle crédito al testimonio del demandado sobre este extremo. Su actitud. de negar la existencia del préstamo para luego admitirla y alegar entonces el pago, más sus vacilaciones y contradicciones al explicar la manera y fecha del pago, tenían necesariamente que desacreditar su testimonio. No hay razón alguna para variar el dictamen del tribunal de instancia.

■ 5. Finalmente, el demandado se queja de que el tribunal sentenciador no dictaminara sobre su moción "solicitando reapertura del caso para práctica de nueva prueba". La sentencia se dictó el 8 de febrero de 1957 y la notificación fue archivada el día 19 siguiente, el demandado presentó una moción de reconsideración el día 21 y se celebró una vista sobre ella el 8 de marzo. Ese mismo día presentó su moción de reapertura. El día 8 de mayo el tribunal dictó "no ha lugar" a la moción de reconsideración y el próximo día 14 el demandado sometió su escrito de apelación y así privó al tribunal de su autoridad sobre el pleito.

■ Es, en primer término, equivocada la elegación de que el tribunal tenía que haber dictaminado sobre dicha solicitud. dentro del término de cinco días. Ese término se aplicaba a las mociones de reconsideración por autoridad del art. 292. del Código de Enjuiciamiento Civil entonces vigente (32 L.P.R.A. sec. 1251) y no a las mociones de nuevo juicio como

la presentada por el demandado.(¹) Estas se regían por la Regla 59 de las ya citadas de Enjuiciamiento Civil y tenían otros términos y requisitos. Así lo resolvimos en *Gual* v. *Tribunal de Distrito*, 71 D.P.R. 305, 306–309 (1950).

En segundo lugar, la mencionada Regla 59 disponía que la moción de nuevo juicio debería notificarse a la parte contraria "a más tardar diez días después de haber sido notificada la sentencia, excepto que una moción de nuevo juicio basada en el descubrimiento de nueva evidencia podrá ser radicada después de la expiración de dicho término y antes de la expiración del término para apelar, con permiso de la corte obtenido después de notificación y vista y al demostrarse el ejercicio de la debida diligencia". 32 L.P.R.A. Ap. pág. 692. Esas expresiones se tomaron literalmente de la Regla 59 (b) federal.(²) Moore explica así sus propósitos: "Como la moción corriente de nuevo juicio debe presentarse no más tarde de diez días después de haberse notificado la sentencia, es muy limitada la posibilidad de usarla para fines dilatorios. La moción de nuevo juicio basada en el descubrimiento de nueva prueba y sometida *después* del término de diez días, ofrece mayores posibilidades de uso dilatorio, ya que puede someterse debida y oportunamente dentro del término de apelación. Para impedir que una parte pudiera tener doble tiempo de apelar usando ese ardid, el Comité insertó en la excepción a la subsección (b) el requisito de que esa moción se someta 'con permiso de la corte obtenido después de notificación y vista y al demostrarse el ejercicio de la debida diligencia'. En otras palabras, una moción de nuevo juicio, no importa su fundamento, hecha no más tarde de diez días luego de la notificación de la sentencia, puede notificarse y

---

(¹) Aunque el demandado no dio a su solicitud el título de moción de nuevo juicio, obviamente no era otra cosa, ya que pedía la reapertura del pleito para ofrecer nueva prueba documental y oral.

(²) Dicha Regla y la correspondiente nuestra han sufrido cambios drásticos. Véanse 6 Moore, *Federal Practice*, 2a ed. págs. 3705–3706; 10 *Cyclopedia of Federal Procedure*, 1952, pág. 103; Reglas 48 y 49 de las de Procedimiento Civil de 1958, 32 L.P.R.A. Sup. 1960, págs. 152–155.

presentarse como un derecho, y automáticamente interrumpe el término de apelación. Pero la moción de nuevo juicio fundada en el descubrimiento de nueva prueba presentada después del período de diez días y dentro del término de apelación no puede notificarse y presentarse como un derecho; puede sólo presentarse con permiso de la corte luego de notificación y vista." 3 Moore's *Federal Practice*, 1938, págs. 3251–3252. (Énfasis del autor.)

■ Como ya vimos, en el caso de autos se presentó la moción de nuevo juicio unos diecisiete días después de notificada la sentencia, sin que del expediente conste que se hubiese obtenido el permiso del tribunal "después de notificación y vista y al demostrarse el ejercicio de la debida diligencia." Por tanto, para todos los efectos legales, esa moción no fue presentada.

Además, como bien señalan los recurridos en su hábil argumentación, cuando el tribunal en 8 de mayo dictó "no ha lugar" a la moción de reconsideración luego de una vista, habiéndose notificado ese dictamen a las partes en la misma fecha, el demandado disponía de un término de treinta días para presentar su escrito de apelación. *Marcano* v. *Marcano*, 60 D.P.R. 351, 353 (1942); *Pérez* v. *Fernández*, 72 D.P.R. 260, 265–266 (1951). Pudo dentro de ese término solicitar del tribunal el permiso que exigía la Regla 59 (b). Prefirió, no obstante, hacer uso de su derecho a apelar, y lo ejerció seis días después de resuelta la moción de reconsideración. Una vez expirado el término para apelar, el tribunal perdió su autoridad sobre la moción de nuevo juicio. *Chicago & W.I.R. Co.* v. *Chicago & E.R. Co.*, 140 F.2d 130, 131 (Cir. 7, 1944), cert. denegado 322 U.S. 747 (1944); *Abruzzino* v. *National Union Fire Insurance Co.*, 35 F. Supp. 925, 926 (D. C. W. Va., 1940); 10 *Cyclopedia of Federal Procedure* 105. No puede ahora el recurrente quejarse del resultado de su propia actuación.

*Se confirmará la sentencia apelada.*