La Juez Asociada Señora Rodríguez Rodríguez
emitió la opi-nión del Tribunal.
La controversia planteada en este caso requiere que de-terminemos cuál es el plazo prescriptivo aplicable a una reclamación en cobro de un certificado de depósito no ne-gociable cuyo término venció.
*763 I
El 1 de noviembre de 1982 el Banco Popular de Puerto Rico (Banco Popular o Banco) emitió un certificado de de-pósito identificado con el número 32,199, a nombre de “Ana Edisa Santos de García y/o Radamés García Santos” (los recurridos), por $33,000 con intereses del 8.25% anual. El certificado tenía una vigencia de veintiséis semanas por lo que vencía el 2 de mayo de 1983 y no era renovable automáticamente. Del texto de éste se desprende que no era negociable, sino pagadero sólo a las personas nombra-das en él, mas no a su orden.
El 5 de febrero de 1985 el Banco Popular emitió un se-gundo certificado de depósito, identificado éste con el nú-mero 53,113, a favor de los recurridos por la cantidad de $15,000, con intereses de 7.65% anual, vencedero el 27 de marzo de 1985. Distinto al certificado número 32,199, en éste se especificaba que era renovable automáticamente de forma sucesiva.
Diecinueve años después del vencimiento del certificado número 32,199 y diecisiete años después del vencimiento del certificado número 53,113, el señor García y la señora Santos realizaron gestiones de cobro respecto a ambos cer-tificados de depósito. El Banco Popular les indicó que de sus expedientes no se reflejaba ningún certificado vigente a nombre de ellos. Les indicó que ambos certificados ha-bían sido cambiados y cancelados y que la suma correspon-diente les había sido enviada por correo a su dirección en la República Dominicana.
Así las cosas, el 28 de marzo de 2003 los recurridos pre-sentaron una demanda ante el Tribunal de Primera Ins-tancia en contra del Banco Popular. En ésta, reclamaron el pago del principal de ambos certificados, los intereses acu-mulados hasta la fecha en que se dictara sentencia y $500,000 por daños y perjuicios sufridos. El Banco Popular presentó su contestación negando la mayoría de las alega- *764 dones de la demanda y levantó varias defensas afirmati-vas induyendo la de prescripdón de la acdón instada.
Posteriormente, el Banco presentó una moción de sen-tencia sumaria basada únicamente en la figura de la prescripción. Invocó en su escrito el término prescriptivo de tres años dispuesto en el Código de Comercio de Puerto Rico o, en la alternativa, el término de quince años del Código Civil. En cualquier caso, adujo que procedía deses-timar la demanda instada.
La parte demandante recurrida se opuso a la moción del Banco y planteó la improcedencia de la prescripción bajo el supuesto de que ello era contrario a la política pública es-tablecida en la Ley de Bancos de Puerto Rico, Ley Núm. 55 de 12 de mayo de 1933, según enmendada, 7 L.P.R.A. sec. 1 et seq.
Con el beneficio de la evidencia documental presentada por las partes, el Tribunal de Primera Instancia desestimó la reclamación relacionada al certificado número 32,199.(1) Sostuvo que conforme establece el Código Civil y la juris-prudencia aplicable —específicamente, Portilla v. Banco Popular, 75 D.P.R. 100 (1953)— la acción para reclamar la suma de $33,000 estaba prescrita. No obstante, respecto al certificado número 53,113, se negó a desestimar la recla-mación por la vía sumaria. Señaló que de la evidencia do-cumental presentada, le resultaba imposible determinar con certeza si éste estaba vigente por razón de su renova-ción automática. Indicó que le correspondería al Banco Popular en su día presentar prueba sobre la fecha del venci-miento final para así poder determinar si la obligación prescribió. En su defecto, le impuso al Banco la carga de *765 presentar prueba del pago de dicho certificado para así li-brarse de la obligación reclamada.
Inconformes, ambas partes acudieron al Tribunal de Apelaciones mediante recursos independientes. Los aquí recurridos alegaron que el Tribunal de Primera Instancia había errado al desestimar la reclamación relacionada con el certificado de depósito 32,199 por razón de estar prescrita. Por su parte, el Banco argüyó que el tribunal había errado al no desestimar sumariamente la reclama-ción respecto al certificado número 53,113.
El Tribunal de Apelaciones consolidó ambos recursos y revocó la decisión del Tribunal de Primera Instancia en cuanto a la desestimación sumaria decretada. Acogiendo el planteamiento de la parte demandante concluyó, en lo que concierne al asunto planteado ante nuestra consideración, que la aplicación del principio de prescripción extintiva era incompatible con la política pública contenida en la Ley de Bancos de Puerto Rico, por lo que resultaba improcedente desestimar la reclamación relacionada con el certificado de depósito 32, 199. El tribunal apelativo indicó que la See. 37 de la Ley de Bancos de Puerto Rico, 7 L.P.R.A. see. 158, le impone a los bancos la obligación de remitir al Comisionado de Instituciones Financieras las cantidades en su poder no reclamadas por los depositantes. De ahí pasó a concluir que dicha sección impide la aplicación automática de la figura de la prescripción; con lo cual concluyó que no puede “darse” la prescripción extintiva hasta tanto el Banco Popular “no haya probado y establecido un efectivo desembolso de los fondos allí depositados, ya bien sea al depositante o al Co-misionado de Instituciones Financieras”. Apéndice, pág. 255.
De esta determinación compareció el Banco Popular ante nosotros. El Banco adujo en su petición que la recla-mación relacionada con el certificado de depósito 32,199 estaba prescrita, pues le aplicaba el término de quince años provisto en el Art. 1864 del Código Civil, 31 L.P.R.A. *766 see. 5294. Ello, independientemente de que no se efectua-ran los pagos reclamados, o de las exigencias de la See. 37 de la Ley de Bancos de Puerto Rico invocado por el tribunal en su sentencia. El 5 de mayo de 2006 expedimos el auto solicitado. Ambas partes han comparecido, por lo que esta-mos en posición de resolver y pasamos a hacerlo.
II
En innumerables ocasiones hemos indicado que la figura de la prescripción extintiva es de naturaleza sustantiva y no procesal, que se rige por los principios que informan el Derecho Civil. Culebra Enterprises Corp. v. E.L.A., 127 D.P.R. 943 (1991); Olmo v. Young & Rubricam of P.R., Inc., 110 D.P.R. 740 (1981). La prescripción es una de las formas establecidas en el Código Civil para la extinción de las obligaciones. El Art. 1830 del Código Civil, 31 L.P.R.A. see. 5241, establece, como regla general, la prescriptibilidad de todos los derechos y acciones. Así, el artículo dice: “se extinguen del propio modo por la prescripción los derechos y las acciones, de cualquier clase que sean”.
El legislador ha pautado distintos términos prescripti-vos en los distintos cuerpos de ley para la extinción de los derechos y las acciones. La eficacia de esta figura es auto-mática y se produce ipso iure con el transcurso del tiempo marcado por la ley, siempre y cuando no se le oponga el obstáculo que constituyen los actos interruptivos que se consideran en el Código Civil.
El propósito de la prescripción extintiva no es otro que evitar la incertidumbre en las relaciones jurídicas y castigar la inacción en el ejercicio de los derechos. Padín v. Cía. Fom. Ind., 150 D.P.R. 403 (2000); Galib Frangle v. El Vocero de P.R., 138 D.P.R. 560 (1995); Zambrana Maldonado v. E.L.A., 129 D.P.R. 740 (1992). En otras palabras, la dejadez y la inercia en el ejercicio de los derechos da paso a la aplicación del instituto de la prescripción. Antes bien, la *767 inercia determinante de la prescripción “no se valora como presunción de abandono”. L. Diez-Picazo y Ponce de León, La prescripción extintiva, en el Código Civil y en la jurisprudencia del Tribunal Supremo, Madrid, Thomson Civi-tas, 2003, pág. 127. Cf, Eisele v. Orcasitas, 85 D.P.R. 89, 93 (1962). Al no ejercicio se le otorga un valor de carácter objetivo, “de manera que es independiente de cualquier vo-luntad que existiera en el titular del derecho, el cual no puede dejar sin efecto la prescripción ni oponerse a ella demostrando la inexistencia de una voluntad contrario”. Diez-Picazo y Ponce de León, op. cit. Dicho de otro modo, la prescripción es independiente de la voluntad o de los moti-vos que el titular pudiera tener para su pasividad. “Es, asimismo, independiente de la existencia de errores o de impedimentos de carácter puramente fáctico.” íd.
De esta forma, la prescripción extintiva necesariamente estimula el ejercicio rápido de las acciones. “Mientras más cerca de su origen se entablen las reclamaciones, más se asegura que el transcurso del tiempo no confundirá ni borrará el esclarecimiento de la verdad en sus dimensiones de responsabilidad y evaluación de la cuantía.” Campos v. Cía. Fom. Ind., 153 D.P.R. 137, 143 (2001). Los términos prescriptivos evitan las sorpresas que generan siempre la resucitación de viejas reclamaciones, “además de las consecuencias inevitables del transcurso del tiempo, tales como: pérdida de evidencia, memoria imprecisa y dificultad para encontrar testigos”. íd., pág. 144.
Se cumple de esta forma con el fin de brindarle estabi-lidad a las relaciones jurídicas. Es por ello que hemos apuntado que el instituto de la prescripción pretende ase-gurar “la estabilidad de la propiedad y la certidumbre de los demás derechos”. Alicea v. Córdova, 117 D.P.R. 676, 684 (1986). Ello hace de esta figura una necesaria para procu-rar el equilibrio económico y jurídico del país. Véanse: Colón Prieto v. Géigel, 115 D.P.R. 232, 243 (1984); Ortiz v. Municipio de Orocovis, 113 D.P.R. 484, 487-488 (1982); *768 Ríos v. Banco Popular, 81 D.P.R. 378, 395 (1959); González v. Pérez, 57 D.P.R. 860 (1941).
La controversia que se nos plantea requiere determinar cuál es el término prescriptivo aplicable a una reclamación en cobro de un certificado de depósito no negociable cuyo término de vigencia transcurrió. De no existir un término especificado en ley, operará entonces lo dispuesto en el Art. 1864 del Código Civil, supra, que somete al plazo prescrip-tivo de quince años a todas aquellas acciones que no ten-gan un plazo especial de prescripción.
Puesto que el documento que nos ocupa es un certificado de depósito, debemos comenzar nuestro análisis con una breve exposición de la Ley de Transacciones Comerciales que define este instrumento y dispone de un término para requerir el pago que de éste surja. Veamos entonces si esta ley rige la controversia de autos.
I — I hH HH
La Ley de Transacciones Comerciales define el certificado de depósito como “un instrumento que contiene un reconocimiento por un banco de que ha recibido una determinada suma de dinero y una promesa del banco de que devolverá dicha suma de dinero. Un certificado de depósito es un pagaré emitido por el banco”. Sec. 2-104(j) de la Ley Núm. 208 de 17 de agosto de 1995 (19 L.P.R.A. see. 504(j)). La ley dispone un término prescriptivo de tres años para requerir el pago de la obligación que surge del certificado de depósito. See. 2-118(3) de la Ley Núm. 208, supra, 19 L.P.R.A. sec. 518(e).
Esta ley procuró codificar el derecho bancario privado en Puerto Rico por lo que contiene normas sobre la relación entre banco y cliente aunque no define la naturaleza de esa relación y tampoco regula exhaustivamente todos los dere-chos y obligaciones de las partes. M.R. Garay Auban, De-recho cambiarlo de Estados Unidos y Puerto Rico, Ponce, *769 Ed. Rev. de Der. Pur., 1999, pág. 432. La ley aclara que sus disposiciones sólo aplican a instrumentos negociables. 19 L.P.R.A. sec. 502(a). En virtud de lo cual, debemos deter-minar inicialmente si el certificado de depósito objeto del recurso de epígrafe es en efecto un instrumento negociable, lo que permitiría aplicar el término trienal dispuesto en la ley.
Para que un documento de crédito pueda regirse por las disposiciones de esta ley tiene que reunir los requisitos de un instrumento negociable. Sec. 2-104 de la Ley Núm. 208 (19 L.P.R.A. see. 504), recoge los requisitos indispensables para que un instrumento pueda considerarse negociable. De lo dispuesto en dicha sección se desprende que será negociable un instrumento escrito, firmado, que contenga una promesa u orden incondicional de pagar una suma específica de dinero, pagadero al portador o a la or-den de una persona identificada, pagadero a la presentación o en fecha específica y que no contenga ninguna otra promesa u orden. Walla Corp. v. Banco Com. de Mayagüez, 114 D.P.R. 216 (1983). Véase, además, Garay Auban, op. cit., pág. 35. Estos son requisitos esenciales de negociabilidad, “lo que quiere decir que si un documento no los incluye expresamente no puede ser un instrumento negociable”. Íd. Véase, además, Hawkland & Lawrence UCC Series See. 3-104:6 (Art 3).
En el caso específico de los certificados de depósito, és-tos suelen contener cláusulas y condiciones que destruyen su negociabilidad. Es por ello que se ha señalado que “no es frecuente encontrar certificados de depósito que sean ins-trumentos negociables”. Garay Auban, op. cit., pág. 99.
En este caso, como ya apuntamos, nos enfrentamos a un certificado de depósito cuyo texto indicaba expresamente que no era negociable y que era pagadero exclusivamente a las personas nombradas en él, mas no a su orden. Un ins-trumento que no contenga “las palabras de negociabilidad al portador o a la orden de o expresiones que tengan ese *770 significado, no es un instrumento negociable”. Garay Au-ban, op. cit., pág. 58. Véanse, además: Sec. 2-104(a)(l) de la Ley de Transacciones Comerciales, 19 L.P.R.A. see. 504(a)(1); Hawkland & Lawrence, supra, Secs. 3-102:12 y 3-104:4. En virtud de lo anterior, es forzoso concluir que el certificado de depósito ante nuestra consideración no es un instrumento negociable, por lo que no le aplica el término trienal pautado en la Ley de Transacciones Comerciales para exigir el pago de la obligación que de él surja.
IV
A. El Tribunal de Apelaciones no informa específica-mente cuál es el término prescriptivo que aplica a la recla-mación de autos, pero resuelve que la Ley de Bancos de Puerto Rico, por mor de su See. 37, impide la aplicación de término prescriptivo alguno “hasta tanto” el Banco no pruebe y establezca “un efectivo desembolso de los fondos allí depositados, ya bien sea al depositante o al Comisio-nado de Instituciones Financieras”. Evaluemos entonces con mayor detenimiento este señalamiento.
B. Comenzamos apuntando que la Ley de Ban-cos de Puerto Rico “no define la naturaleza de la relación entre banco y depositante, y se limita a establecer la reglamentación del aspecto jurídico administrativo de los ban-cos, sus requisitos orgánicos y las normas de interés por las que ha de regirse. La ley deja fuera de su ámbito el régimen de contratos y sus relaciones privadas”. BBVA v. S.L.G. López, Sasso, 168 D.P.R. 700, 710 (2006). No obstante, el foro apelativo intermedio aplicó en este caso la See. 37 de dicho cuerpo de ley a la relación del banco con sus depositantes.
La See. 37 de la Ley de Bancos de Puerto Rico, supra, reza, en lo que nos atañe, de la manera siguiente:
Todo banco o banco extranjero vendrá obligado a rendir al *771 Comisionado [de Instituciones Finacieras] anualmente ... un informe ... donde se haga constar las cantidades en poder de dichas instituciones, mayores de un dólar ($1), no reclamadas por el depositante o por la persona con derecho a las mismas durante los últimos cinco (5) años precedentes ....
(e) Durante el mes de diciembre de cada año y ño más tarde del día 10 de dicho mes, todo banco extranjero que luego de publicar el aviso anteriormente exigido y de atender, conforme a derecho, las reclamaciones hechas, tenga en su poder canti-dades no reclamadas, cualquiera que fuere su cuantía, hará entrega de las mismas al Comisionado quien las transferirá al Secretario de Hacienda para ser integradas en el Fondo General del Estado Libre Asociado de Puerto Rico.
(g) Dentro del término de diez (10) años, a partir de la fecha de la entrega al Comisionado de cualquier cantidad no recla-mada, cualquier persona que creyere tener derecho a dicha cantidad o parte de ella, podrá reclamarla al Comisionado quien queda por la presente autorizado a reintegrarla a su dueño con intereses según se establezca por reglamento. Den-tro del término de treinta (30) días a partir de la fecha de la notificación de la resolución denegatoria del Comisionado el reclamante podrá recurrir en acción civil contra el Comisio-nado ante el Tribunal de Primera instancia ....
El foro intermedio sostiene que un banco tiene que pro-bar que cumplió con lo dispuesto en esta sección de la ley antes de que un tribunal pueda aplicar término prescriptivo alguno. De lo contrario, continúa el argumento, se estaría resolviendo que “un banco se pued[e] apoderar por esa vía, de unos fondos que de ninguna forma le pertenecen”, que fue lo que se quiso evitar con esta sección de la ley.
El argumento del foro apelativo intermedio no puede prevalecer. Las disposiciones invocadas de la Ley de Bancos de Puerto Rico no tienen el alcance pretendido. Nos explicamos.
Primero, este argumento pasa por alto que la Ley de Bancos de Puerto Rico reglamenta solamente el aspecto jurídico administrativo de los bancos y no la relación entre el banco y el depositante. BBVA v. S.L.G. López, Sasso, supra; Portilla v. Banco Popular, supra. Ello así, el mandato *772 de la See. 37 antes transcrito no es una obligación exigible al banco por su depositante.
Por otra parte, en Portilla v. Banco Popular, supra, ex-presamente resolvimos que la relación banco/depositante se rige por el Código Civil y no por la Ley de Bancos de Puerto Rico. En vista de ello, concluimos que el periodo prescriptivo de quince años era aplicable a la obligación del banco de restituirle a su depositante el dinero que éste había deposi-tado en la institución bancaria. Ni el Tribunal Apelativo ni los demandantes recurridos nos han indicado por qué no debemos aplicar a este caso los principios que enunciamos hace más de cincuenta años en Portilla.
Cuando resolvimos Portilla, la Ley de Bancos de Puerto Rico contenía una disposición casi idéntica a la que hoy se invoca para desplazar el término prescriptivo de quince años del Código Civil.(2) En ese momento, no entendimos que el mecanismo administrativo pautado en la Ley de Ban-cos de Puerto Rico de alguna forma hacía inaplicable la prescripción ordinaria del Código Civil a una reclamación entre el banco y su depositante. Hoy no se ha aducido razón de peso para esculpir una excepción a la aplicabilidad del término prescriptivo.
*773 Lo cierto es, como ya indicamos, que la Ley de Bancos de Puerto Rico no reconoce o establece una causa de acción individual o privada contra un banco por su incumplimiento con lo dispuesto en la See. 37. Sólo el Comisionado de Instituciones Financieras está facultado por ley para exigir de parte del banco el cumplimiento con las exigencias de la sección antes mencionada. Véase 7 L.P.R.A. sec. 158(h). La ley solamente le reconoce al ciudadano la prerrogativa de solicitar revisión judicial de la determinación del Comisionado de Instituciones Financieras con la que denegó cualquier reclamación relacionada con las cantidades no reclamadas que le fueron transferidas de las instituciones bancarias. Esta situación que no nos atañe en este momento.
Además, la posición esgrimida por el foro apelativo in-termedio menosprecia la importancia y significación de la prescripción como mecanismo que promueve la seguridad del Derecho y la paz jurídica, las cuales exigen que se ponga un límite a las pretensiones jurídicas envejecidas. Existe un claro interés social en evitar una prolongada si-tuación de incertidumbre en las relaciones legales. J. Puig Brutau, Caducidad, Prescripción Extintiva y Usucapión, 3ra ed., Barcelona, Ed. Bosch, 1996, pág. 32.
Finalmente, los términos de la ley son claros. Esta crea una presunción de que aquellas cantidades de dinero no reclamadas, en poder de una institución bancaria por es-pacio de cinco años, han sido abandonadas. En vista de ello, autoriza a la institución bancaria a transferirlas al Comisionado de Instituciones Financieras quien, a su vez, habrá de transferirlas al Secretario de Hacienda “para ser ingresadas en el Fondo General del Estado Libre Asociado de Puerto Rico”. 7 L.P.R.A. sec. 158(e). Estas disposiciones sólo pretenden establecer un procedimiento para atender el destino de fondos no reclamados que permanecen en una institución bancaria. Éstas no están dirigidas a reconocer una causa de acción entre un banco y un depositante o a *774 desplazar, en tanto no se cumpla con lo allí dispuesto, la figura de la prescripción. Con lo cual sostenemos que la Ley de Bancos de Puerto Rico no impide la aplicación del instituto de la prescripción extintiva a la controversia traída a nuestra atención.
V
En Portilla v. Banco Popular, supra, determinamos, se-gún resaltamos previamente, que la relación de acreedor y deudor entre un banco y un depositante es un contrato de préstamo que se rige por las disposiciones del Código Civil, por lo que la acción de cobro de dinero para recobrar un depósito bancario prescribe a los quince años como exigen-cia del Art. 1864 del Código Civil. Posteriormente, en Maryland Casualty Co. v. Banco Popular, 92 D.P.R. 331 (1965), nos reafirmamos en lo dispuesto en Portilla e indi-camos que a una acción en cobro de dinero instada por un depositante contra un banco, basada en la cuenta corriente de aquél con éste —cuenta que constituye un contrato de préstamo donde existe una relación de acreedor y deudor— le aplica el término prescriptivo de quince años del Art. 1864.
Para un banco, un certificado de depósito representa o se considera como una cuenta corriente a plazo fijo. Garay Auban, op. cit., pág. 58. Siendo ello así, y ya que “el establecimiento de una cuenta corriente queda enmarcado dentro de la figura del contrato de préstamo”, la relación entre el banco y el adquirente nominado en un certificado de depósito es la de deudor acreedor y ha de regirse por las disposiciones del Código Civil. BBVA v. S.L.G. López, Sasso, supra. Véanse, además: B. Clark y B. Clark, The Law of Bank Deposits, Collections and Credit Cards, ed. rev., Massachusetts, Warren Gorham & Lamont Ed., 1995, Pár. 21.01, pág. 21-2; J. Garrigues, Curso de Derecho Mercantil, 7ma ed., Bogotá, Ed. Temis, 1987, T. IV, pág. 183. *775 Como resultado de lo anterior, el término prescriptivo para reclamar el pago de un certificado de depósito vencido es, necesariamente, el de quince años provisto en el Art. 1864 del Código Civil, supra. Portilla v. Banco Popular, supra, pág. 128; Maryland Casualty Co. v. Banco Popular, supra; Luengo v. Fernández, 83 D.P.R. 636, 638-639 (1961).
En resumen, la acción para reclamar el cobro de un cer-tificado de depósito no negociable y con fecha de venci-miento única se rige por el término de quince años que dispone el Art. 1864 del Código Civil. Este período se com-puta a partir del vencimiento de la obligación, pues es desde este momento que se pude ejercitar la acción de cobro. Art. 1869 del Código Civil, 31 L.P.R.A. see. 5299.
VI
El certificado de depósito 32,199, objeto de este recurso, se emitió el 1 de noviembre de 1982 por un período de vigencia único de 26 semanas. El certificado no proveía para su renovación automática, por lo que venció el 2 de mayo de 1983. Desde ese momento, los aquí recurridos tu-vieron la oportunidad de exigirle al Banco Popular el pago del referido certificado, pues la fecha de vencimiento marca el comienzo del plazo de prescripción de quince años. No obstante, en este caso, no fue sino hasta el 2002 que los recurridos hicieron su primera gestión de cobro con el Banco Popular. En ese momento la deuda ya estaba pres-crita y la obligación extinguida por virtud del término de quince años. Recordemos que la prescripción extintiva opera ipso iure y es, por lo tanto, independiente de la vo-luntad o de los motivos que pudiera tener el titular de un derecho para su inacción.
Este caso ejemplifica precisamente la razón de ser de la figura de la prescripción. Como indicamos previamente, la prescripción extintiva procura evitar una de las consecuen-cias inevitables de reclamaciones vetustas, a saber: la pér- *776 dida de evidencia, la memoria imprecisa y la pérdida de testigos; todo ello, en perjuicio del esclarecimiento de la verdad. Campos v. Cía. Fom. Ind., supra. Advertimos que la Ley de Bancos de Puerto Rico y el Reglamento de Bancos de la Oficina del Comisionado de Instituciones Financieras autorizan la destrucción periódica de documentos de los bancos luego de cinco años de que el documento causa la última entrada en los libros. Véase 7 L.P.R.A. see. 156. En resumen, la prescripción extintiva le da fijeza y certidum-bre a la propiedad y a toda clase de derechos emanados de las relaciones sociales y condiciones en que se desarrolla la vida.
En atención a lo anterior, procede dictar sentencia me-diante la cual se revoca la sentencia dictada por el Tribunal de Apelaciones y desestimar la reclamación instada para cobrar el importe del certificado de depósito objeto del pre-sente recurso.

Se dictará sentencia de conformidad.

El Juez Presidente Señor Hernández Denton disintió sin opinión escrita.

 El Banco Popular presentó como prueba documental para evidenciar el pago de las obligaciones copia de dos cheques en microfíchas. La cantidad que reflejan estos cheques es menor que el principal más los intereses adeudados. Por ejemplo, el certificado de depósito número 53,113 se expidió por $33,000 y el cheque con que se alega fue pagado fue de $31,642.48. En cuanto al certificado de depósito número 32,199, éste fue expedido por la cantidad de $15,000 y el cheque con se pagó fue de $15,000.

 La Ley de Bancos de Puerto Rico se aprobó en 1933 y ese estatuto nada proveía sobre los fondos no reclamados y la obligación de un banco de informar o remitir al estado dentro de cierto término. En el 1950 se aprobó la Ley Núm. 430 de 15 de mayo de 1950 (1950 Leyes de Puerto Rico 1057), y ésta incorporó a dicho estatuto el artículo que hoy interpretamos. El Art. 16 de la referida ley le imponía a los bancos la obligación de remitirle al Secretario de Hacienda cualquier depósito no reclamado luego de quince años. Esta disposición guardó silencio sobre el término que tendría un depositante para solicitar al Secretario de Hacienda le restituyera o devolviera su depósito.
En 1974 se aprobó la Ley Núm. 165 de 23 de julio de 1974, (Parte 1) Leyes de Puerto Rico 831, que enmendó la Sec. 37(a) para disponer que un depositante tendría cinco años para reclamarle al Secretario de Hacienda el dinero desembolsado por el banco luego de transcurridos los quince años antes mencionados.
Posteriormente, con la aprobación de la Ley Núm. 4 de 21 de julio de 1987, se acortó el periodo de tiempo que el banco debía retener un depósito no reclamado (de quince años a cinco) antes de entregarle esos fondos al Estado, ahora a través del Comisionado de Instituciones Financieras. La ley también modificó el término que un depositante tendría para reclamar su depósito al Comisionado bajo la Ley Núm. 165, de cinco a diez años, como lee ahora.