EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Ana Edita Santos de García y Ramón R. García Santos<br><br>Recurridos<br><br>v.<br><br>Banco Popular de Puerto Rico<br><br>Peticionario | Certiorari<br><br>2007 TSPR 221<br><br>172 DPR _____ |

Número del Caso: CC-2006-174

Fecha: 13 de diciembre de 2007

Tribunal de Apelaciones:

      Región Judicial de San Juan Panel II

Juez Ponente:

      Hon. Heriberto Sepúlveda Santiago

Abogados de la Parte Peticionaria:

      Lcdo. Jaime E. Toro Monserrate
      Lcdo. Ángel Sosa Baéz

Abogado de la Parte Recurrida:

      Lcdo. Ángel L. Tapia Flores

Materia: Acción Civil y Daños y Perjuicios

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Ana Edita Santos de García y
Ramón R. García Santos

     Recurridos

        v.                          CC-2006-174

Banco Popular de Puerto Rico

     Peticionario

Opinión del Tribunal emitida por la Juez Asociada señora Rodríguez Rodríguez

San Juan, Puerto Rico, a 13 de diciembre de 2007

La controversia planteada en este caso requiere que determinemos cuál es el plazo prescriptivo aplicable a una reclamación en cobro de un certificado de depósito no negociable cuyo término venció.

**I**

El 1ero de noviembre de 1982, el Banco Popular de Puerto Rico (el "Banco Popular" o el "Banco") emitió un certificado de depósito identificado con el número 32,199, a nombre de "Ana Edisa Santos de García y/o Radamés García Santos" ("los recurridos"), por la cantidad de $33,000.00 con intereses a razón

del 8.25% anual. El certificado tenía una vigencia de veintiséis (26) semanas por lo que vencía el 2 de mayo de 1983 y no era renovable automáticamente. Del texto del mismo se desprende que no era negociable y sino pagadero sólo a las personas nombradas en él, mas no a su orden.

El 5 de febrero de 1985, el Banco Popular emitió un segundo certificado de depósito, identificado éste con el número 53,113, a favor de los recurridos por la cantidad de $15,000.00, con intereses a razón de 7.65% anual, vencedero el 27 de marzo de 1985. Distinto al certificado número 32,199, en éste se especificaba que era renovable automáticamente de forma sucesiva.

Diecinueve años después del vencimiento del certificado número 32,199 y diecisiete años después del vencimiento del certificado número 53,113, el señor García y la señora Santos realizaron gestiones de cobro respecto a ambos certificados de depósito. El Banco Popular les indicó que de sus récords no se reflejaba ningún certificado vigente a nombre de ellos. Les indicó que ambos certificados habían sido cambiados y cancelados y que la suma correspondiente les había sido enviada por correo a su dirección en la República Dominicana.

Así las cosas, el 28 de marzo de 2003 los recurridos presentaron una demanda ante el Tribunal de Primera Instancia en contra del Banco Popular. En ésta, reclamaron el pago del principal de ambos certificados, los intereses acumulados hasta la fecha en que se dictara sentencia y $500,000.00 por concepto de daños y perjuicios sufridos. El Banco Popular

presentó su contestación negando la mayoría de las alegaciones de la demanda y levantó varias defensas afirmativas incluyendo la de prescripción de la acción instada.

Posteriormente, el Banco presentó una moción de sentencia sumaria basada únicamente en la figura de la prescripción. Invocó en su escrito el término prescriptivo de tres años dispuesto en el Código de Comercio de Puerto Rico o, en la alternativa, el término de quince años del Código Civil. En cualquier caso, adujo que procedía desestimar al demanda instada.

La parte demandante-recurrida se opuso a la moción del Banco y planteó la improcedencia de la prescripción bajo el supuesto de que ello era contrario a la política pública establecida en la Ley de Bancos de Puerto Rico, Ley núm. 55 de 12 de mayo de 1933, según enmendada, 7 L.P.R.A. sec. 1 *et seq*.

Con el beneficio de la evidencia documental presentada por las partes, el Tribunal de Primera Instancia desestimó la reclamación relacionada al certificado número 32,199.[1] Sostuvo que conforme establece el Código Civil y la jurisprudencia aplicable --específicamente, *Portilla v.*

---

[1] El Banco Popular presentó como prueba documental para evidenciar el pago de las obligaciones copia de dos cheques en microfichas. La cantidad que reflejan estos cheques es menor que el principal más los intereses adeudados. Por ejemplo, el certificado de depósito número 53,113 se expidió por $33,000 y el cheque con que se alega fue pagado fue de $31,642.48. En cuanto al certificado de depósito número 32,199, éste fue expedido por la cantidad de $15,000 y el cheque con se pagó fue de $15,000.

*Banco Popular de Puerto Rico*, 75 D.P.R. 100 (1953)-- la acción para reclamar la suma de $33,000 estaba prescrita. No obstante, respecto al certificado número 53,113, se negó a desestimar la reclamación por la vía sumaria. Señaló que de la evidencia documental presentada, le resultaba imposible determinar con certeza si éste estaba vigente por razón de su renovación automática. Indicó que le correspondería al Banco Popular en su día presentar prueba sobre la fecha del vencimiento final para así poder determinar si la obligación prescribió. En su defecto, le impuso al Banco la carga de presentar prueba del pago de dicho certificado para así librarse de la obligación reclamada.

Inconformes, ambas partes acudieron al Tribunal de Apelaciones mediante recursos independientes. Los aquí recurridos alegaron que el Tribunal de Primera Instancia había errado al desestimar la reclamación relacionada con el certificado de depósito 32,199 por razón de estar prescrita. Por su parte, el Banco arguyó que el tribunal había errado al no desestimar sumariamente la reclamación respecto al certificado número 53,113.

El Tribunal de Apelaciones consolidó ambos recursos y revocó la decisión del Tribunal de Primera Instancia en cuanto a la desestimación sumaria decretada. Acogiendo el planteamiento de la parte demandante concluyó, en lo que concierne al asunto planteado ante nuestra consideración, que la aplicación del principio de prescripción extintiva

era incompatible con la política pública contenida en la Ley de Bancos, por lo que resultaba improcedente desestimar la reclamación relacionada con el certificado de depósito 32, 199. El tribunal apelativo indicó que la sección 37 de la Ley de Bancos, 7 L.P.R.A. sec. 158, le impone a los bancos la obligación de remitir al Comisionado de Instituciones Financieras las cantidades en su poder no reclamadas por los depositantes. De ahí pasó a concluir que dicha sección impide la aplicación automática de la figura de la prescripción; con lo cual concluyó, que no puede "darse" la prescripción extintiva hasta tanto el Banco Popular "no haya probado y establecido un efectivo desembolso de los fondos allí depositados, ya bien sea al depositante o al Comisionado de Instituciones Financieras."

De esta determinación compareció el Banco Popular ante nosotros. El Banco adujo en su petición que la reclamación relacionada con el certificado de depósito 32,199 estaba prescrita, pues a la misma le aplicaba el término de quince años provisto en el Art. 1864 del Código Civil. Ello, independientemente de que no se efectuaran los pagos reclamados, o de las exigencias de la sección 37 de la Ley de Bancos invocado por el tribunal en su sentencia. El 5 de mayo de 2006 expedimos el auto solicitado. Ambas partes han comparecido por lo que estamos en posición de resolver y pasamos a así hacerlo.

## II

En innumerables ocasiones hemos indicado que la figura de la prescripción extintiva es una de naturaleza sustantiva y no procesal, que se rige por los principios que informan el Derecho Civil. *Olmo v. Young & Rubricam of P.R.*, 110 D.P.R. 740 (1981); *Culebras Enterpreises Corp. v. E.L.A.,* 127 D.P.R. 943 (1991). La prescripción es una de las formas establecidas en el Código Civil para la extinción de las obligaciones. El Art. 1830 del Código Civil, 31 L.P.R.A. sec. 5241 establece, como regla general, la prescriptibilidad de todos los derechos y acciones. Así, el artículo dice: "se extinguen del propio modo por la prescripción los derechos y las acciones, de cualquier clase que sean." *Íbid.*

El legislador ha pautado distintos términos prescriptivos en los distintos cuerpos de ley para la extinción de los derechos y las acciones. La eficacia de esta figura es automática y se produce *ipso iure* con el transcurso del tiempo marcado por la ley, siempre y cuando no se le oponga el obstáculo que constituyen los actos interruptivos que se consideran en el Código Civil.

El propósito de la prescripción extintiva no es otro que evitar la incertidumbre en las relaciones jurídicas y castigar la inacción en el ejercicio de los derechos. *Padín Espinosa v. Cía. De Fomento Industrial,* 150 D.P.R. 403 (2000); *Galib Frangie v. El Vocero de P.R.,* 138 D.P.R. 560 (1995); *Zambrana Maldonado v. E.L.A.* 129 D.P.R. 740 (1992). En otras palabras, la dejadez y la inercia en el ejercicio de

los derechos da paso a la aplicación del instituto de la prescripción. Antes bien, la inercia determinante de la prescripción "no se valora como presunción de abandono." L. Diez-Picazo y Ponce de León, *La Prescripción Extintiva, En el Código Civil y en la jurisprudencia del Tribunal Supremo*, Thomson Civitas, Madrid, 2003, pág. 127. *Cf.*, *Eisele v. Orcasitas*, 85 D.P.R. 89, 93 (1962). Al inejercicio se le otorga un valor de carácter objetivo, "de manera que es independiente de cualquier voluntad que existiera en el titular del derecho, el cual no puede dejar sin efecto la prescripción ni oponerse a ella demostrando la inexistencia de una voluntad contrario." *Íbid*. Dicho de otro modo, la prescripción es independiente de la voluntad o de los motivos que el titular pudiera tener para su pasividad. "Es, asimismo, independiente de la existencia de errores o de impedimentos de carácter puramente fáctico." *Íbid.*

De esta forma, la prescripción extintiva necesariamente estimula el ejercicio rápido de las acciones. "Mientras más cerca de su origen se entablen las reclamaciones, más se asegura que el transcurso del tiempo no confundirá ni borrará el esclarecimiento de la verdad en sus dimensiones de responsabilidad y evaluación de la cuantía." *Campos v. Cía. De Fomento Industrial,* 153 D.P.R. 137, 143 (2001). Los términos prescriptivos evitan las sorpresas que generan siempre la resucitación de viejas reclamaciones, "además de las consecuencias inevitables del transcurso del tiempo,

tales como: pérdida de evidencia, memoria imprecisa y dificultad para encontrar testigos." *Supra*, pág. 144.

Se cumple de esta forma con el fin de brindarle estabilidad a las relaciones jurídicas. Es por ello que hemos apuntado que el instituto de la prescripción pretende asegurar "la estabilidad de la propiedad y la certidumbre de los demás derechos." *Alicea v. Córdova*, 117 D.P.R. 676, 684 (1986). Ello hace de esta figura una necesaria para procurar el equilibrio económico y jurídico del país. Véase, *Colón Prieto v. Geigel*, 115 D.P.R. 232, 243 (1985); *Ortiz v. Municipio de Orocovis,* 113 D.P.R. 484, 487-488 (1982); *Ríos v. Banco Popular*, 81 D.P.R. 378, 395 (1959); *González v. Pérez,* 57 D.P.R. 860 (1941).

La controversia que se nos plantea requiere determinar cuál es el término prescriptivo aplicable a una reclamación en cobro de **un certificado de depósito no negociable** cuyo término de vigencia transcurrió. De no existir un término especificado en ley, operará entonces lo dispuesto en el Art. 1864 del Código Civil, 31 L.P.R.A. sec. 5294, que somete al plazo prescriptivo de quince años a todas aquellas acciones que no tengan un plazo especial de prescripción.

Toda vez que el documento que nos ocupa es un certificado de depósito, debemos comenzar nuestro análisis con una breve exposición de la Ley de Transacciones Comerciales que define este instrumento y dispone de un término para requerir el pago que del mismo surja. Veamos entonces si esta ley rige la controversia de autos.

**III**

La Ley de Transacciones Comerciales define el certificado de depósito como "un instrumento que contiene un reconocimiento por un banco de que ha recibido una determinada suma de dinero y una promesa del banco de que devolverá dicha suma de dinero. Un certificado de depósito es un pagaré emitido por el banco." Ley núm. 208 de 17 de agosto de 1995, 19 L.P.R.A. sec. 2-104(j), 19 L.P.R.A. sec. 504(j). La ley dispone un término prescritivo de tres (3) años para requerir el pago de la obligación que surge del certificado de depósito. Ley núm. 208, sec. 2-118(3), 19 L.P.R.A. sec. 518 (e).

Esta ley procuró codificar el derecho bancario privado en Puerto Rico por lo que la misma contiene normas sobre la relación entre banco y cliente aunque no define la naturaleza de esa relación y tampoco regula exhaustivamente todos los derechos y obligaciones de las partes. M. Garay Auban, *Derecho Cambiario*, Ed. Revista de Derecho Puertorriqueño, Ponce, 1999, pág. 432. La ley aclara que sus disposiciones sólo aplican a instrumentos negociables. 19 L.P.R.A. sec. sec. 502(a). En virtud de lo cual, debemos determinar inicialmente si el certificado de depósito objeto del recurso de epígrafe es en efecto un instrumento negociable, lo que permitiría aplicar el término trienal dispuesto en la ley.

Para que un documento de crédito pueda regirse por las disposiciones de esta ley tiene que reunir los requisitos de un instrumento negociable. La sección 2-104 de la Ley Núm.

208, 19 L.P.R.A. sec. 504, recoge los requisitos indispensables para que un instrumento pueda considerarse negociable. De lo dispuesto en dicha sección se desprende que será negociable un instrumento escrito, firmado, que contenga una promesa u orden incondicional de pagar una suma específica de dinero, pagadero al portador o a la orden de una persona identificada, pagadero a la presentación o en fecha específica y que no contenga ninguna otra promesa u orden. *Walla v. Banco*, 114 D.P.R. 216 (1983). Véase además, M. Garay Auban, *op. cit.*, pág. 35. Estos son requisitos esenciales de negociabilidad, "lo que quiere decir que si un documento no los incluye expresamente no puede ser un instrumento negociable." *Íbid*. Véase además, Hawkland & Lawrence, *Hawkland Uniform Commercial Code Series*, Callaghan, 1999, sec. 3-104:6.

En el caso específico de los certificados de depósito, éstos suelen contener cláusulas y condiciones que destruyen su negociabilidad. Es por ello que se ha señalado que "no es frecuente encontrar certificados de depósito que sean instrumentos negociables." Garay Auban, *op. cit.*, pág. 99.

En este caso, como ya apuntamos, nos enfrentamos a un certificado de depósito cuyo texto indicaba expresamente que **no era negociable y que era pagadero exclusivamente a las personas nombradas en él, mas no a su orden.** Un instrumento que no contenga "las palabras de negociabilidad al portador o a la orden de o expresiones que tengan ese significado, no es un instrumento negociable." Garay Auban, *op. cit.*, pág. 58.

Véase además, Ley de Transacciones Comerciales, sec. 2-104(a)(1), 19 L.P.R.A. sec. 504(a)(1); Hawkland & Lawrence, *op. cit.*, secs. 3-102:12, 3-104:4. En virtud de lo anterior, forzoso es concluir que el certificado de depósito ante nuestra consideración no es un instrumento negociable por lo que no le aplica el término trienal pautado en la Ley de Transacciones Comerciales para exigir el pago de la obligación que de él surja.

## IV

### A

El Tribunal de Apelaciones no informa específicamente cuál es el término prescriptivo que aplica a la reclamación de autos pero resuelve que la Ley de Bancos de Puerto Rico, por mor de su sección 37, impide la aplicación de término prescriptivo alguno "hasta tanto" el Banco no pruebe y establezca "un efectivo desembolso de los fondos allí depositados, ya bien sea al depositante o al Comisionado de Instituciones Financieras." Evaluemos entonces con mayor detenimiento este señalamiento.

### B

Comenzamos apuntando que la Ley de Bancos de Puerto Rico, "no define la naturaleza de la relación entre banco y depositante, y se limita a establecer la reglamentación de aspecto jurídico administrativo de los bancos, sus requisitos orgánicos y las normas de interés por las que ha de regirse. La ley deja fuera de su ámbito el régimen de contratos y sus relaciones privadas." *Banco Bilbao Vizcaya v. López Montes*,

res. 26 de agosto de 2006, 168 D.P.R. ___, 2006 TSPR 135. No obstante, el foro apelativo intermedio aplicó en este caso la sección 37 de dicho cuerpo de ley a la relación del banco con sus depositantes.

La sec. 37 de la Ley de Bancos de Puerto Rico, 7 L.P.R.A. sec 158, reza, en lo que nos atañe, de la siguiente manera:

> Todo banco o banco extranjero vendrá obligado a rendir al Comisionado [de Instituciones Finacieras] anualmente … un informe … donde se haga constar las cantidades en poder de dichas instituciones, mayores de un dólar ($1), no reclamadas por los depositantes o por las personas con derecho a las mismas durante los últimos cinco (5) años precedentes.
>
> . . . .
>
> (e) Durante el mes de diciembre de cada año y no más tarde del día 10 de dicho mes, todo banco o banco extranjero que luego de publicar el aviso anteriormente exigido y de atender, conforme a derecho, las reclamaciones hechas, tenga en su poder cantidades no reclamadas, cualquiera que fuere su cuantía, hará entrega de las sumas al Comisionado quien las transferirá al Secretario de Hacienda para ser integradas al Fondo General del Estado Libre Asociado de Puerto Rico.
>
> . . . .
>
> (g) Dentro del término de diez (10) años, a partir de la fecha de la entrega al Comisionado de cualquier cantidad no reclamada, cualquier persona que creyere tener derecho a dicha cantidad o parte de ella, podrá reclamarla al Comisionado quien queda por la presente autorizado a reintegrarla a su dueño con intereses según se establezca por reglamento. Dentro del término de treinta (30) días a partir de la fecha de la notificación de la resolución denegatoria del Comisionado el reclamante podrá recurrir en acción civil contra el Comisionado ante el Tribunal de Primera instancia.

El foro intermedio sostiene que un banco tiene que probar que cumplió con lo dispuesto en esta sección de la ley

antes de que un tribunal pueda aplicar término presciptivo alguno. De lo contrario, continúa el argumento, se estaría resolviendo que "un banco se pued[e] apoderar por esa vía, de unos fondos que de ninguna forma le pertenecen", que fue lo que se quiso evitar con esta sección de la ley.

El argumento del foro apelativo intermedio no puede prevalecer. Las disposiciones invocadas de la Ley de Bancos no tienen el alcance pretendido. Nos explicamos.

Primero, este argumento pasa por alto que la Ley de Bancos de Puerto Rico reglamenta solamente el aspecto jurídico administrativo de los bancos y no la relación entre el banco y el depositante. *Banco Bilbao Vizcaya v. López Montes, supra; Portilla v. Banco Popular, supra*. Ello así, el mandato de la sección 37 antes transcrito no es una obligación exigible al banco por su depositante.

De otra parte, en *Portilla* expresamente resolvimos que la relación banco/depositante se rige por el Código Civil y no la Ley de Bancos. En vista de ello concluimos que el periodo prescriptivo de quince años era aplicable a la obligación del banco de restituirle a su depositante el dinero que éste había depositado en la institución bancaria. Ni el Tribunal Apelativo ni los demandantes recurridos nos han indicado porqué no debemos aplicar a este caso los principios que enunciamos hace más de cincuenta años en *Portilla*.

Cuando resolvimos *Portilla,* la Ley de Bancos contenía una disposición casi idéntica a la que hoy se invoca para

desplazar el término prescriptivo de quince años del Código Civil.[2] En ese momento, no entendimos que el mecanismo administrativo pautado en la Ley de Bancos de alguna forma hacía inaplicable la prescripción ordinaria del Código Civil a una reclamación entre el banco y su depositante. Hoy, no se ha aducido razón de peso alguna para esculpir una excepción a la aplicabilidad del término prescriptivo.

Lo cierto es, como ya indicamos, que la Ley de Bancos no reconoce o establece una causa de acción individual o privada en contra de un banco por su incumplimiento con lo dispuesto en la sección 37. Sólo el Comisionado de Instituciones Financieras está facultado por ley para exigir de parte del banco el cumplimiento con las exigencias de la sección antes

---

[2] La Ley de Bancos de Puerto Rico se aprobó en el 1933 y ese estatuto nada proveía sobre los fondos no reclamados y la obligación de un banco de informar o remitir al estado dentro de cierto término. En el 1950, se aprobó la Ley núm. 430 de 15 de mayo de 1950, 1950 L.P.R. 1057, y ésta incorporó a dicho estatuto el artículo que hoy interpretamos. El artículo 16 de la referida ley le imponía a los bancos la obligación de remitirle al Secretario de Hacienda cualquier depósito no reclamado luego de quince (15) años. Esta disposición guardó silencio sobre el término que tendría un depositante para solicitarle al Secretario de Hacienda le restituyera o devolviera su depósito.

En el 1974, se aprobó la Ley núm. 165 de 23 de julio de 1974, 1974 L.P.R. 831, que enmendó la sección 37(a) para disponer que un depositante tendría cinco (5) años para reclamarle al Secretario de Hacienda el dinero desembolsado por el banco luego de transcurridos los quince (15) años antes mencionados.

Posteriormente, con la aprobación de la Ley núm. 4 de 21 de julio de 1987, se acortó el periodo de tiempo que el banco debía retener un depósito no reclamado (de 15 años a 5 años) antes de entregarle esos fondos al Estado, ahora a través del Comisionado de Instituciones Financieras. La ley también modificó el término que un depositante tendría para reclamarle su depósito al Comisionado de cinco años bajo la Ley núm. 165 a diez años, como lee ahora.

mencionada. Véase, 7 L.P.R.A. sec. 158(h). La ley solamente le reconoce al ciudadano la prerrogativa de solicitar revisión judicial de la determinación del Comisionado de Instituciones Financieras denegando cualquier reclamación relacionada con las cantidades no reclamadas que le fueron transferidas de las instituciones bancarias. Situación que no nos atañe en este momento.

Además, la posición esgrimida por el foro apelativo intermedio menosprecia la importancia y significación de la prescripción como mecanismo que promueve la seguridad del Derecho y la paz jurídica, las cuales exigen que se ponga un límite a las pretensiones jurídicas envejecidas. Existe un claro interés social en evitar una prolongada situación de incertidumbre en las relaciones legales. J. Puig Brutau, *Caducidad, Prescripción Extintiva y Usucapión*, Bosch, Barcelona, 3era ed., 1996, pág. 32.

Finalmente, los términos de la ley son claros. La misma crea una presunción de que aquellas cantidades de dinero no reclamadas, en poder de una institución bancaria por espacio de cinco años, han sido abandonadas. En vista de ello, autoriza a la institución bancaria a transferir las mismas al Comisionado de Instituciones Financieras quien a su vez, habrá de transferirlas al Secretario de Hacienda "para ser ingresadas en el Fondo General del Estado Libre Asociado de Puerto Rico." 7 L.P.R.A. sec. 158(e). Estas disposiciones sólo pretenden establecer un procedimiento para atender el destino de fondos no reclamados que permanecen en una

institución bancaria. Las mismas no están dirigidas a reconocer una causa de acción entre un banco y un depositante o a desplazar, en tanto no se cumpla con lo allí dispuesto, la figura de la prescripción. Con lo cual sostenemos que la Ley de Bancos no impide la aplicación del instituto de la prescripción extintiva a la controversia traída a nuestra atención.

**V**

En *Portilla v. Banco Popular, supra*, determinamos, según resaltamos previamente, que la relación de acreedor y deudor entre un banco y un depositante es un contrato de préstamo que se rige por las disposiciones del Código Civil; por lo que, la acción de cobro de dinero para recobrar un depósito bancario prescribe a los quince años como exigencia del Art. 1864 del Código Civil. Posteriormente, en *Maryland Casualty Co. v. Banco Popular*, 92 D.P.R. 325 (1965), nos reafirmamos en lo dispuesto en *Portilla* e indicamos que a una acción en cobro de dinero instada por un depositante contra un banco, basada en la cuenta corriente de aquél con éste ––cuenta que constituye un contrato de préstamo donde existe una relación de acreedor y deudor–– le aplica el término prescriptivo de quince años del Art. 1864.

Para un banco, un certificado de depósito representa o se considera como una cuenta corriente a plazo fijo. Garay Auban, *op. cit.*, pág. 58. Siendo ello así, y toda vez que "el establecimiento de una cuenta corriente queda enmarcado dentro de la figura del contrato de préstamo", la relación

entre el banco y el adquirente nominado en un certificado de depósito es la de deudor acreedor y ha de regirse por las disposiciones del Código Civil. *Banco de Bilbao Vizcaya v. López Montes*, *supra*. Véase además, J. Garrigues, *Curso de Derecho Mercantil*, Ed. Temis, Bogotá, 7ma. Ed., Tomo IV, 1987, pág. 183; B. Clark, B. Clark, *The Law of Bank Deposits, Collections and Credit Cards*, Warren Gorham & Lamont Ed., Massachusetts, 1995, par. 21.01, pág. 21-1. Como resultado de lo anterior, el término prescriptivo para reclamar el pago de un certificado de depósito vencido es, necesariamente, el de quince años provisto en el Art. 1864 del Código Civil. *Portilla v. Banco Popular, supra,* pág. 128; *Maryland Casualty v. Banco Popular, supra; Luengo v. Fernández,* 83 D.P.R. 636, 638-639 (1961).

En resumen, la acción para reclamar el cobro de un certificado de depósito no negociable y con fecha de vencimiento única se rige por el término de quince años que dispone el Art. 1864 del Código Civil. Este período se computa a partir del vencimiento de la obligación pues es desde este momento que se pudo ejercitar la acción de cobro. Art. 1869 del Código Civil, 31 L.P.R.A. sec. 5299.

**VI**

El certificado de depósito 32,199, objeto de este recurso, se emitió el 1ero de noviembre de 1982 por un período de vigencia único de 26 semanas. El certificado no proveía para su renovación automática por lo que el mismo venció el 2 de mayo de 1983. Desde ese momento, los aquí

recurridos tuvieron la oportunidad de exigirle al Banco Popular el pago del referido certificado, pues desde entonces era exigible. La fecha de vencimiento marca así el comienzo del plazo de prescripción de quince años. Es, desde entonces, que existe la posibilidad legal de exigir el pago del certificado. No obstante, en este caso, no fue sino hasta el 2002 que los recurridos hicieron su primera gestión de cobro con el Banco Popular. En ese momento la deuda ya estaba prescrita y la obligación extinguida por virtud del término de quince años. Recordemos que la prescripción extintiva opera *ipso iure* y es por lo tanto independiente de la voluntad o de los motivos que pudiera tener el titular de un derecho para su inacción.

Este caso ejemplifica precisamente la razón de ser de la figura de la prescripción. Como indicamos previamente, la prescripción extintiva procura evitar una de las consecuencias inevitables de reclamaciones vetustas, a saber: la pérdida de evidencia, la memoria imprecisa y la pérdida de testigos. Todo ello, en perjuicio del esclarecimiento de la verdad. *Campos v. Cía. De Fomento Industrial, supra.* Advertimos que la Ley de Bancos y el Reglamento de Bancos de la Oficina del Comisionado de Instituciones Financieras autorizan la destrucción periódica de documentos de los bancos luego de cinco (5) años de que el documento causa la última entrada en los libros. Véase, 7 L.P.R.A. sec. 156. En resumen, la prescripción extintiva le da fijeza y certidumbre a la propiedad y a toda clase de derechos

emanados de las relaciones sociales y condiciones en que se desarrolla la vida.

En atención a lo anterior, procede dictar sentencia revocando la sentencia dictada por el Tribunal de Apelaciones y desestimar la reclamación instada para cobrar el importe del certificado de depósito objeto del presente recurso.

Se dictará sentencia de conformidad.


                         Anabelle Rodríguez Rodríguez
                              Juez Asociada

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Ana Edita Santos de García y
Ramón R. García Santos

    Recurridos

       v.                         CC-2006-174

Banco Popular de Puerto Rico

    Peticionario

SENTENCIA

San Juan, Puerto Rico, a 13 de diciembre de 2007

    Por los fundamentos expuestos en la Opinión que antecede, los cuales se incorporan íntegramente a la presente, se revoca la sentencia dictada por el Tribunal de Apelaciones y se desestima la reclamación instada para recobrar el importe del certificado de depósito número 32,199.

    Así lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal. El Juez Presidente señor Hernández Denton disiente sin opinión escrita.

                      Aida Ileana Oquendo Graulau
                    Secretaria del Tribunal Supremo