ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL X

| | | |
|---|---|---|
| ORIENTAL BANK<br><br>PETICIONARIO<br><br>v.<br><br>CAROLIANNA MÁRQUEZ MELÉNDEZ, JUAN VELÁZQUEZ GONZÁLEZ Y LA SOCIEDAD LEGAL DE GANANCIALES COMPUESTA POR AMBOS<br><br>RECURRIDOS | TA2026CE00138 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Fajardo<br><br>Caso Núm.: N1CI201800084<br><br>Sobre: Cobro de dinero |

Panel integrado por su presidenta, la Jueza Grana Martínez, el Juez Ronda Del Toro y la Juez Lotti Rodríguez.

Lotti Rodríguez, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 26 de marzo de 2026.

Comparece ante nos Oriental Bank (en adelante, Oriental o peticionario), mediante un recurso de *Certiorari Civil*, en el que nos solicita que revisemos la *Orden* emitida el 12 de enero de 2026, notificada el 13 de enero de 2026, por el Tribunal de Primera Instancia, Sala Superior de Fajardo (en adelante, TPI o foro primario). En esta, el TPI declaró No Ha Lugar a la solicitud de ejecución de sentencia presentada por el peticionario.

Por los fundamentos que expondremos a continuación, expedimos el recurso de epígrafe y ***revocamos*** el dictamen recurrido.

**I.**

El 26 de enero de 2018, Oriental presentó una *Demanda*[1] sobre cobro de dinero por la vía ordinaria contra Caroliana Márquez Meléndez, Juan Velázquez González y la Sociedad Legal de Gananciales compuesta por ambos (en adelante, recurridos), mediante la cual reclamó el pago de un préstamo

---

[1] Apéndice, Exhibit Núm. 2 del recurso de *certiorari*.

personal adquirido por estos, por la suma principal de $21,141.81. Según se alegó en la demanda, los recurridos incumplieron con sus obligaciones de pago, adeudando la suma de $22,169.61 a la fecha de radicación de la demanda, más intereses, según pactados por las partes.

Posteriormente, el 7 de abril de 2018, las partes suscribieron una *Moción Solicitando Sentencia por Estipulación*[2], mediante la cual acordaron un plan de pago para satisfacer la deuda reclamada.

El 5 de julio de 2018, el TPI dictó *Sentencia*[3] aprobando la estipulación sometida por las partes, incorporándola como parte integral del dictamen. El dictamen fue notificado el 9 de julio de 2018, advirtiéndose que era final, firme e inapelable desde su registro.

Años más tarde, el 9 de agosto de 2024, el peticionario presentó una *Moción Solicitando Ejecución de Sentencia*[4], alegando que los recurridos habían incumplido con el acuerdo de pago contenido en la sentencia y que a la fecha adeudaban la suma de $15,283.79. En consecuencia, solicitó el embargo y venta en pública subasta de bienes de los recurridos, así como el embargo de salarios.

El 23 de agosto de 2024, notificada el 26 de agosto de 2024, el foro primario emitió una *Orden*[5] mediante la cual declaró No Ha Lugar la solicitud de ejecución de sentencia.

Inconforme, el 26 de agosto de 2024, Oriental presentó *Moción Solicitando Reconsideración de Orden y Reiterando Solicitud de Ejecución de Sentencia*[6], la cual acompañó de una declaración jurada suscrita por un representante de Oriental, una carta de cobro dirigida a la señora Márquez con fecha del 22 de febrero de 2024 y un desglose de los pagos realizados por los recurridos hasta marzo de 2023. Alegaron que, aunque la *Sentencia* había

---

[2] Apéndice, Exhibit Núm. 3 del recurso de *certiorari*.
[3] Apéndice, Exhibit Núm. 4 del recurso de *certiorari*.
[4] Apéndice, Exhibit Núm. 5 del recurso de *certiorari*.
[5] Apéndice, Exhibit Núm. 6 del recurso de *certiorari*.
[6] Apéndice, Exhibit Núm. 7 del recurso de *certiorari*.

sido dictada hacia más de cinco (5) años, el término para solicitar su ejecución había sido interrumpido mediante cartas de cobro dirigidas a la señora Márquez y que los recurridos realizaron el último pago conforme a la sentencia el 30 de marzo de 2023, fecha a partir de la cual se dio el alegado incumplimiento de los recurridos.

El 10 de septiembre de 2024, el TPI emitió *Orden*[7] expresando que la declaración jurada incluida contradecía lo alegado por la propia parte, y mantuvo su determinación previa.

Posteriormente, el 23 de diciembre de 2025, la parte demandante presentó nuevamente una *Moción Solicitando Ejecución de Sentencia*[8], alegando lo mismo que en la solicitud anterior y acompañándola de una declaración jurada actualizada.

Sin embargo, el 12 de enero de 2026, notificada el 13 de enero de 2026, el foro primario emitió una *Orden*[9] declarando nuevamente No Ha Lugar la solicitud de ejecución de sentencia.

Inconforme con esta última determinación, el 6 de febrero de 2026, Oriental presentó el recurso de epígrafe en el que plantea como único señalamiento de error que:

> **Incidió en grave error de derecho, y de su discreción judicial, el Honorable Tribunal de Primera Instancia, Sala de Fajardo, al declarar "No Ha Lugar" la solicitud de ejecución de sentencia presentada oportunamente por la parte aquí peticionaria recurrente, en el caso civil número N1CI201800084, sin fundamento en derecho alguno; ello, contrario a las disposiciones de la Regla 51 de Procedimiento Civil, 32 LPRA, Ap. V, y con lo resuelto por el Honorable Tribunal Supremo de Puerto Rico en los casos de <u>COSSEC et al. v. González López et al.</u>, 2010 TSPR 189; <u>Santos de García v. Banco Popular</u>, 2007 TSPR 221, y <u>Díaz de Diana v. AJAS Ins. Co</u>, 110 DPR 471, 474 (1980).**

El 9 de febrero de 2026, emitimos una *Resolución* mediante la cual, al amparo de la Regla 83.1 del Reglamento de este Tribunal de Apelaciones,

---

[7] Apéndice, Exhibit Núm. 8 del recurso de *certiorari*.
[8] Apéndice, Exhibit Núm. 9 del recurso de *certiorari*.
[9] Apéndice, Exhibit Núm. 1 del recurso de *certiorari*.

según enmendado, *In re Aprob Enmdas. Reglamento TA*, 2025 TSPR 141, 216 DPR \_\_\_ (2025), R. 83.1, se le concedió un término a la juez que presidió el caso ante el TPI para que fundamentara la *Orden* emitida el 12 de enero de 2026, denegando la ejecución de sentencia.

En cumplimiento con lo solicitado, el 18 de febrero de 2026, la juez emitió y notificó un escrito en *Cumplimiento de Orden*[10] en el que señaló que la Sentencia cuya ejecución se solicita fue dictada el "2 de julio de 2018" y que "la solicitud de ejecución de Oriental Bank, fue instada el 23 de diciembre de 2025. Es decir, a más de 7 años y 5 meses de dictada la misma." Asimismo, el TPI señaló que la solicitud de Oriental no contenía fundamentos ni hechos que lo colocaran en posición de autorizar la ejecución en 2025, de una sentencia dictada en 2018, luego de transcurrido el término reglamentario de cinco (5) años provisto por la Regla 51.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 51.1.

Transcurrido el término concedido a la parte recurrida para presentar su posición sobre los méritos del recurso, procedemos a disponer.

## II.

### A. *Certiorari*

El recurso de *certiorari* es un mecanismo procesal de carácter discrecional que faculta a un tribunal de mayor jerarquía a revisar las decisiones emitidas por un tribunal inferior. *BPPR v. SLG Gómez-López*, 213 DPR 314, 336 (2023); *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194, 207 (2023); *Torres González v. Zaragoza Meléndez*, 211 DPR 821, 846-847 (2023); *Caribbean Orthopedics v. Medshape et al.*, 207 DPR 994, 1004 (2021). "La característica distintiva de este recurso se asienta en la discreción encomendada al tribunal revisor para autorizar su expedición y adjudicar sus méritos". *BPPR v. SLG Gómez-López, supra*, pág. 337; *Rivera et al. v. Arcos Dorados et al., supra*, pág. 209; *IG Builders et al. v. BBVAPR*, 185 DPR 307,

---

[10] Entrada Núm. 6 del SUMAC del TA.

338 (2012). Esta discreción se ha definido como una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera. *Pueblo* v. *Rivera Montalvo*, 205 DPR 352, 373 (2020); *Negrón* v. *Srio de Justicia*, 154 DPR 79, 91 (2001).

Sin embargo, la discreción para expedir el recurso no es irrestricta, ni autoriza al tribunal a actuar de una forma u otra en abstracción del resto del Derecho. *Pueblo v. Rivera Montalvo, supra*, pág. 372, citando a *Negrón v. Srio. De Justicia, supra; Medina Nazario v. McNeil Healthcare LLC*, 194 DPR 723, 728-729 (2016).

La Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, delimita nuestra autoridad y prohíbe la intervención en las determinaciones interlocutorias emitidas por el Tribunal de Primera Instancia, salvo en contadas excepciones. *Scotiabank v. Zaf Corp. et al.*, 202 DPR 478, 486-487 (2019). Lo previamente señalado persigue evitar dilaciones al revisar controversias que pueden esperar a ser planteadas a través del recurso de apelación. *Id.* Así pues, la Regla 52.1 de Procedimiento Civil, *supra*, dispone que podemos expedir el recurso de *certiorari* para resolver resoluciones u órdenes interlocutorias dictadas por el foro primario cuando:

> [S]e recurra de una resolución u orden bajo las Reglas 56 [Remedios Provisionales] y 57 [*Injuction*] o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias [...] cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. 32 LPRA Ap. V, R. 52.1.

Ahora bien, nuestro Tribunal Supremo, al interpretar la Regla 52.1 de Procedimiento Civil, *supra*, ha resuelto que "[l]as resoluciones atinentes a asuntos postsentencia [como la de autos] no se encuentran comprendidas entre aquellas determinaciones de naturaleza interlocutoria categóricamente sujetas a escrutinio mediante el recurso de *certiorari*." *IG Builders et al. v.*

*BBVAPR*, *supra*, pág. 339. Por ello, cuando se recurre de un asunto postsentencia, para determinar si procede expedir o denegar un recurso de *certiorari* debemos evaluar los criterios enmarcados en la Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendado, *In re Aprob Enmdas. Reglamento TA*, 2025 TSPR 141, 216 DPR ___ (2025), R. 40. *Id.* Los criterios esbozados son los siguientes:

> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> (E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
>
> (F) Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> (G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

No obstante, ninguno de los criterios antes citados es determinante, por sí solo, para este ejercicio y no constituye una lista exhaustiva. *García v. Padró*, 165 DPR 324, 335 esc. 15 (2005), citando a H. Sánchez Martínez, *Derecho Procesal Apelativo*, Hato Rey, Lexis-Nexis de Puerto Rico, 2001, pág. 560.

Por lo general, los tribunales revisores no intervienen con el manejo de los casos de los tribunales de instancia, salvo cuando "se demuestre que este último actuó con prejuicio o parcialidad, que hubo un craso abuso de discreción, o que se equivocó en la interpretación o aplicación de alguna norma procesal o de derecho sustantivo". *Rivera y Otros v. Bco. Popular*, 152 DPR 140, 155 (2000), citando a *Lluch et al. v. España Service Sta. Et al.*, 117 DPR 729, 745 (1986).

## B. Ejecución de Sentencia

La Regla 51.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 51.1, establece el procedimiento de ejecución de sentencia. En lo pertinente, dispone que:

> La parte a cuyo favor se dicte sentencia podrá ejecutarla mediante el procedimiento fijado en esta Regla 51, en cualquier tiempo dentro de cinco (5) años de esta ser firme. Expirado dicho término, la sentencia podrá ejecutarse mediante autorización del tribunal, a moción de parte y previa notificación a todas las partes. Si después de registrada la sentencia se suspende su ejecución por una orden o sentencia del tribunal, o por efecto de ley, el tiempo durante el cual ha sido suspendida dicha ejecución deberá excluirse del cómputo de los cinco (5) años durante los cuales podrá expedirse el mandamiento de ejecución.

Es decir, como norma general una parte tiene un término de cinco (5) años para ejecutar la sentencia dictada a su favor. En esas instancias, no se requiere autorización del tribunal para ejecutar el dictamen. Regla 51.1, *supra*; *Igaravidez v. Ricci,* 147 DPR 1, 7 (1998). No obstante, una vez transcurre dicho término, sólo se podrá ejecutar la sentencia mediante autorización del tribunal previa notificación a todas las partes. *Igaravidez v. Ricci, supra*; *Figueroa v. Banco de San Juan et al.,* 108 DPR 680, 690 (1979).

En cuanto a la autorización del tribunal, esta "es de carácter discrecional y depende de la justificación que presente el promovente de la ejecución para establecer el por qué no se llevó a cabo la misma dentro del plazo de cinco (5) años." R. Hernández Colón, *Práctica Jurídica de Puerto Rico: Derecho Procesal Civil,* 6ta ed., San Juan, P.R., 2017, págs. 633-634. De esta forma, corresponde al promovente demostrar que la sentencia no ha sido satisfecha y que no existe impedimento legal para su ejecución. *Banco Territorial y Agrícola de Puerto Rico v. Marcial,* 44 DPR 129, 132 (1932).

Ahora bien, la Regla 51.1, *supra,* no establece un término específico para solicitar la autorización judicial cuando han transcurrido los cinco (5) años desde que la sentencia advino final y firme. Por ello, debemos acudir a las normas sustantivas sobre prescripción para determinar por cuánto tiempo el tribunal conserva facultad para autorizar la ejecución de una sentencia una vez vencido dicho término reglamentario. J. A. Cuevas

Segarra, *Tratado de Derecho Procesal Civil,* 2da ed., San Juan, Publicaciones JTS, 2011, Tomo IV, pág. 1431.

Sabido es que la prescripción extintiva opera por el mero transcurso del tiempo fijado por ley. Art. 1861 del Código Civil de 1930, 31 LPRA sec. 5291.[11] No obstante, su curso puede interrumpirse mediante los actos reconocidos por el ordenamiento jurídico, a saber: el ejercicio de la acción ante los tribunales, la reclamación extrajudicial del acreedor o el reconocimiento de la deuda por el deudor. Art. 1873 del Código Civil de 1930, 31 LPRA sec. 5303; *COSSEC et al. v. González López et al.*, 179 DPR 793, 805-806 (2010); *Santos de García v. Banco Popular*, 172 DPR 759, 766 (2007). Una vez se interrumpe la prescripción, el término comienza a transcurrir nuevamente en su totalidad. *Díaz de Diana et al. v. AJAS Ins. Co. et al.*, 110 DPR 471, 474 (1980).

En lo que respecta a sentencias que imponen obligaciones de naturaleza personal —como lo es una sentencia en cobro de dinero— el término prescriptivo aplicable es el de quince (15) años dispuesto en el Artículo 1864 del Código Civil de 1930, 31 LPRA sec. 5294. Dicho término comienza a contarse desde que la sentencia adviene final y firme. Art. 1871 del Código Civil de 1930, 31 LPRA sec. 5301. Así, aunque la Regla 51.1 establece un periodo de cinco (5) años dentro del cual la ejecución puede promoverse, vencido ese término el tribunal mantiene jurisdicción para autorizar la ejecución, siempre que la solicitud se presente dentro del término prescriptivo aplicable y el promovente justifique adecuadamente la tardanza.

**III.**

En el presente caso, la *Sentencia* cuya ejecución se solicita fue dictada el 5 de julio de 2018 y notificada el 9 de julio de 2018. El 23 de diciembre de

---

[11] La Ley Núm. 55-2020, conocida como el Código Civil de Puerto Rico de 2020, según enmendado, –el cual entró en vigor el 28 de noviembre de 2020– derogó el Código Civil de Puerto Rico de 1930. Sin embargo, para propósitos de la adjudicación de esta controversia citamos el Código Civil de 1930, el cual estaba vigente en el momento en que se atendió el caso que dio como resultado la *Sentencia* que se pretende ejecutar.

2025, Oriental presentó una segunda *Moción Solicitando Ejecución de Sentencia*, alegando incumplimiento del plan de pago estipulado y que el último pago conforme a la sentencia se efectuó el 30 de marzo de 2023.

El foro primario denegó la solicitud y fundamentó su denegatoria en que habían transcurrido más de cinco (5) años desde que la *Sentencia* advino final y firme, y que el peticionario no había colocado al tribunal en posición de autorizar la ejecución conforme a la Regla 51.1 de Procedimiento Civil.

Sin embargo, si bien es cierto que la Regla 51.1 establece un término de cinco (5) años dentro del cual la ejecución puede promoverse sin autorización judicial, la citada regla también dispone que, vencido ese término, la ejecución aún puede autorizarse mediante determinación judicial.

Tratándose de una sentencia en cobro de dinero, la obligación es de naturaleza personal y está sujeta al término prescriptivo de quince (15) años dispuesto en el Artículo 1864 del Código Civil de 1930, contado desde que la sentencia advino final y firme. Entre julio de 2018 y diciembre de 2025 no ha transcurrido dicho término.

De otro lado, en cuanto al fundamento de que el peticionario no expuso fundamentos ni hechos que colocaran al tribunal en posición de autorizar la ejecución, en las dos solicitudes que fueron presentadas por Oriental, este alegó que los recurridos realizaron pagos hasta marzo de 2023 y que se cursaron reclamaciones extrajudiciales por las cantidades adeudadas. Tales actuaciones, de probarse, constituyen actos interruptores conforme al Artículo 1873 del Código Civil.

Así las cosas, el mero transcurso del término reglamentario de cinco (5) años no era fundamento suficiente para denegar la ejecución sin considerar si la acción para exigir el cumplimiento de la obligación permanecía vigente dentro del término prescriptivo aplicable ni evaluar si el peticionario realizó o no gestiones para cobrar la deuda pendiente.

Al así proceder, el TPI incurrió en error de derecho que justifica nuestra intervención mediante el recurso de *certiorari*. Por tanto, procede revocar la *Orden* recurrida, devolver el caso al foro primario para la celebración de una vista en donde la parte peticionaria presente en evidencia el acuerdo extrajudicial de pago entre las partes, cuantos pagos parciales realizó la parte recurrida y cuál era la deuda pendiente al 30 de marzo de 2023.

**IV.**

Por los fundamentos que anteceden, expedimos el auto de *certiorari* y **revocamos** la *Orden* recurrida.   Se ordena la celebración de una vista evidenciaría para atender la solicitud de ejecución de sentencia.

Notifíquese.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones